PABLO RUBIO, *Plaintiff in Error*, v. ARMOUR & COMPANY, A CORPORATION, *Defendant in Error.*

Opinion Filed October 21, 1927.

Petition for Rehearing Denied December 9, 1927.

*Caraballo, Moran & Graham,* for Plaintiff in Error;

*Jackson, Dupree & Cone,* for Defendant in Error.

CHILLINGWORTH, Circuit Judge:

Plaintiff brought suit for injuries alleged to have been sustained through the negligent operation of an automobile of the defendant. At conclusion of the testimony the Court directed a verdict for the defendant.

We believe it would serve no useful purpose to restate the testimony in this opinion. However, indulging in all proper inferences favorable to the plaintiff, it is evident that plaintiff, after having alighted from a street car, which street car was near the right hand side of the street, crossed around in front of the street car, at which point he was struck by the automobile of the defendant. The ground layout of the street, the bridge, the street car tracks, and the curb line, show that the automobile of defendant could pass the street car in no other way except proceeding on the left of the street car, and that the accident occurred in front of the street car on the track. Plaintiff did not see the automobile, nor did the automobile driver see the plaintiff until too late to prevent the accident.

As we view this case, the driver of the automobile could not see the plaintiff in time to prevent the injury. He was driving his car where he had a right to drive it, and at a reasonable and moderate rate of speed. It appears that plaintiff ought to have been able to see the automobile had he looked, and that plaintiff certainly had reason to know and believe that there was considerable traffic in that street at the time he walked around in front of the street car.

An automobile driver is not an insurer of the limbs and lives of pedestrians. In case of an unavoidable accident resulting in injury to a pedestrian, from a moving automobile, the driver is not liable if there was no pre-existing negligence upon his part. Florida Motor Transportation Company v. Hillman, 87 Fla. 512, 101 So. 31.

We believe the evidence shows one of those unavoidable, unforseen accidents, for which defendant should not be held responsible.

Affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, BROWN AND BUFORD, J. J., concur.

STRUM, J., dissents.

STRUM, J., dissenting:

While I concur in the principle of law stated in the foregoing opinion, I am of the opinion that upon the facts developed by the evidence it was error to direct a verdict for the defendant. I think the case should have been submitted to the jury. I therefore dissent.