**HERMAN J. EHRANS v. MIAMI TRANSIT COMPANY**

20 So. (2nd) 261
December 22, 1944

January Term, 1944
Division B

*Malcolm S. H. Kneale* and *Basil H. Pollitt,* for appellants.
*Worley, Gautier & Cannon,* for appellee.

THOMAS, J.:

The child of appellant was struck and seriously injured by a bus of appellee near the corner of Sixteenth Street and Twenty-Seventh Avenue in the City of Miami. The vehicle was proceeding northward on a "through" street and had just passed the intersection when the child ran from a yard on the opposite side of the street directly into its path. A suit for damages was instituted, and at the trial, when the appellant had introduced all his testimony, the court granted the appellee's motion for a directed verdict.

In this appeal the appellant has presented only one question: whether there was sufficient testimony introduced in his behalf to establish such negligence as to justify a determination of the matter by the jury without the interference of the court. Of course, in Section 5417, Florida Statutes, 1941, and F.S.A., the judge was fully empowered to direct a verdict for the defendant if it was apparent to him that "no evidence had been submitted upon which the jury could lawfully find a verdict for the plaintiff. . . ." In many of our decisions references have been made to various elements which must be taken into consideration by the court in correctly deciding such a motion. It is not our purpose now to review all these cases or to reiterate all the rules which have been recognized from time to time governing instructed verdicts, but we shall confine our consideration to the propriety of the trial court's order in the instant case where a conflict is claimed to have arisen with reference to one vital phase of appellant's evidence.

The organic right of trial by jury becomes involved immediately the judge directs the jury what verdict to return; so it is important that he be most circumspect in exercising the authority given him under the statute. Gravette v. Turner, 77 Fla. 311, 81 So. 476. It may be said, generally, that if there is conflict in the testimony *or if it "will admit of*

*different reasonable inferences,* or if there is evidence tending to prove the issue, the case should be submitted to the jury for their finding on the facts." Atlantic Coast Line Railroad Co v. Webb, 112 Fla. 449, 150 So. 741. Further, when a defendant moves for a directed verdict he admits "not only the facts stated in the evidence adduced, but also . . . every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence." Gravette v. Turner, supra.

It should be stated here that in each of the cases we have just cited the motion of the defendant for an instructed verdict was made at the conclusion of the plaintiff's testimony, and any disagreement existed, therefore, within the testimony offered by one party. In other words, the rule with reference to conflicting testimony seems to apply where the conflict arises between or among the witnesses introduced for a plaintiff.

With these principles in mind we shall now analyze quite briefly the testimony which the appellant offered to support his claim for damages. It seems unnecessary to elaborate because one determinative fact seems to be relied upon by him to convince us the trial court erred. It is that the bus driver had an unobstructed view of the street as the child traversed it and could, as a consequence, have avoided striking him. As the witnesses said the bus traveled only from five or six to twenty feet after the impact, clearly there was no excessive speed.

Appellant insists that had the driver of the vehicle borne in mind the unpredictableness of the behavior of a small child playing near a street he would have been prepared to stop his bus, presumably in less distance than twenty feet, as the child suddenly decided to go from a place of safety on one side of the street across the lane of southbound traffic and into the lane where the bus was traveling. The appellee asserts that no such condition existed because immediately before the child was struck a bus passed bound south and the child ran from behind it into the path of the northbound bus before the driver was aware of his presence.

In relying upon the rule that the appellee admitted facts stated and conclusions from them favorable to his adversary. appellant announces that he discards "the testimony of Starkey and Miss Gibson" and elects "to go to the jury on the testimony of the Beckers, Whitman and Hinton [the bus driver]." In view of this position it occurs to us that the controversy may be further simplified by comparing the testimony of these six witnesses to determine whether there was such conflict on the matter of the view of the bus driver as to establish error on the part of the trial judge in granting the motion.

Starkey testified he was driving on Twenty-Seventh Street following at a distance of one hundred feet the bus going south; that both vehicles were traveling twenty or twenty-five miles an hour. He saw the child on the curb, to his right, and he saw the bus involved in the accident moving slowly north on the other side of the street. Just as the bus he was following passed the child, the child ran across the street directly behind it and squarely into the path of the north-bound bus. It was he who thought the bus which struck the child stopped within five or six feet. Immediately the child was hit he drew to the curb and stopped. It will be observed that the collision occurred within one hundred feet of the witness, whose view was unobstructed.

Miss Gibson, the other of his witnesses appellant chooses to disregard, said, not that there was no southbound bus at the moment of the mishap, but that she saw none. Of like effect was the testimony of "the Beckers," two of the witnesses upon whom appellant depends. There was no testimony on this point from the bus driver. We think there was no such discrepancy in the narratives of these five, with respect to the driver's view of his surroundings, as to have made it imperative, in consonance with the controlling law, that the jury pass upon this aspect of the case.

The remaining witness relied upon by appellant testified in somewhat different vein. He (Whitman) first saw the child on a bench across the street from the witness's home and on the side of the street where the accident occurred. The witness decided to go shopping at a store situated north of

his home, so he went to the garage in the rear to get a bicycle. He then mounted the bicycle and rode north; did not see the accident; and, as a matter of fact, proceeded northward away from the site of the accident. When he reached the next corner, having that far traveled on the left, the wrong side of the street, he intended turning right across the lane of northbound traffic and looked over his shoulder to determine if any car coming in the same direction might run him down. It was then he observed the bus and the little boy lying in the street. He was positive no bus passed in the opposite direction, but this view could hardly amount to a conviction when gauged by his own chronicle.

Unquestionably—so far as we have been advised there is no testimony to the contrary—the child was hurt when he crossed from the west to the east side of the street and was struck by the bus going northward in the east lane. Inasmuch as the witness, Whitman, last saw the child on the east side of the street, it is obvious the child crossed and recrossed the street while the witness's attention was directed to getting the bicycle and riding it to the next intersection less than 150 feet away. We think his testimony may well harmonize with that of other witnesses on the subject because the southbound bus may easily have passed and the accident occurred while he was occupied in the rear of his home with procuring his bicycle before he entered the street to ride it that short distance. If a bus did in fact pass going southward, its passing, the retracing of his steps by the child, and the accident were almost simultaneous. The witness admittedly did not observe two of these incidents; therefore, there is good reason to believe he did not see the third.

We have not found in the testimony of the plaintiff's witnesses any such conflict or any such room for different reasonable inferences as to render the granting of the motion for an affirmative verdict erroneous. Their testimony did not tend to establish negligence on the part of the appellee.

We hold the definite view that the occurrence was accidental and that the injury suffered by the appellant was not traceable to any negligence on the part of the appellee. Such a condition was, in our opinion, established by the plaintiff's

own witnesses, and there was no need to submit the issue to the jury.

Affirmed.

BUFORD, C. J., BROWN and SEBRING, JJ., concur.

20 So. (2nd) 263                                        June Term, 1944
December 22, 1944                                          Division B

*Malcolm S. H. Kneale,* and *Basil H. Pollitt,* for appellants.
*Worley, Gautier & Cannon,* for appellee.