114 So.2d 207 (1959)
Harold C. GRIFFIS, a minor, by O.R. Griffis, as his next friend, and O.R. Griffis, Individually, Appellants,
v.
Lawrence Jay DU BOW, Appellee.
No. A-423.
District Court of Appeal of Florida. First District.
August 18, 1959.
Charles R. Hess and Elmer M. Norton, Jacksonville, for appellants.
McNatt & Mathews, Jacksonville, for appellee.
FUSSELL, Associate Judge.
Harold C. Griffis, a 12-year-old minor, and his father, individually and as next friend, appealed from a summary judgment entered for the defendant. The suit was for damages and personal injuries sustained by the appellants as a result of a collision which occurred when the 12-year-old minor ran into the side of defendant's automobile. The summary judgment was based on the deposition of the minor, Harold C. Griffis, of the defendant, and of an eyewitness to the accident.
The attorneys for both parties in this appeal, as well as the circuit judge, each agree that a summary judgment should be entered for the defendant in cases where there is no genuine issue of a material fact and where on the facts the defendant is entitled to a judgment as a matter of law.
The facts indicate that this accident occurred about ten o'clock on the morning of November 4, 1957, on Minerva Street in Jacksonville. Minerva Street is a one-way street for southbound traffic. On the west side is located Landon High School and on the east side there is a parking lot. To the east of the parking lot and across the next street there is an open field used *208 by the school for athletic purposes. There are no traffic or speed signs posted in the vicinity of the school.
On the morning of the accident there were a number of cars parked parallel with and on the east side of the curb of Minerva Street. East of these cars and on the parking lot there was a row of cars parked headed west towards Minerva Street. The plaintiff had been on the field used for athletics. When the class ended he and another boy proceeded towards the school. The plaintiff was in the lead and other students were some distance behind them. He was trotting and went between the parked cars on the lot and those parked on the curb into the street. He did not look to the right and did not see defendant's car or know it was there until he ran into it, hitting it at the left front windshield post. Defendant's car was proceeding south on the street at a speed estimated from 15 to 20 miles per hour. He did not see the boy until the moment of impact. He heard a whistle at the time of impact and stopped his car within 12 to 20 feet. The only other eyewitness to the accident was the coach who had been supervising the burning of some trash on the east side of Minerva Street. He was standing on the east curb when he saw defendant's car for the first time. It was then about one and a half car lengths to his right or north. The accident occurred some 20 to 30 feet south of him. The coach first saw the minor plaintiff when he was behind the cars which were on the parking lot headed west. He knew the impact was about to take place and blew his whistle, hoping it might be in time to prevent the accident.
The evidence indicates that Minerva Street was about 18 feet in width and that the defendant was travelling in the center portion of that part of the street remaining open between the parked cars on the east and the west curb and about 3 or 4 feet from these parked cars. There were no speed signs along Minerva Street. The minor plaintiff ran from between the parked automobiles without looking and into the side of defendant's automobile.
The Circuit Judge in his summary judgment
"finds there is no genuine issue as to any material facts; the defendant was driving his automobile at a reasonable speed on the street, when the plaintiff ran, at a trotting pace, and without looking, from between parked cars into the left side of his automobile, striking it in the vicinity of the windshield post. The record shows no evidence of negligence on the defendant's part. Ehrens v. Miami Transit Co., 155 Fla. 394, 20 So.2d 261; Kautzmann-Vernet Lumber Co. v. Fink, 156 Fla. 628, 24 So.2d 112. The record also shows that the plaintiff, Harold C. Griffis, was himself guilty of contributory negligence when he ran into the street from between parked cars without looking. Magee v. Friedricksen, 91 Fla. 1078, 109 So. 197; Stover v. Stovall, 103 Fla. 284, 137 So. 249; Rubio v. Armour & Co., 94 Fla. 761, 116 So. 40. The Court so finding, it is, upon consideration,
"Ordered and adjudged that the defendant's motion for summary judgment be, and it is hereby granted."
Appellants contend that the Circuit Judge erred in entering this summary judgment and making these findings. They say that there was a genuine issue as to material facts showing negligence on the part of the defendant which the jury should have been permitted to determine. The specific acts of negligence charged by the appellants to the defendant, and to which they have reference, are:
(1) In travelling at an excessive speed;
(2) In not seeing the coach standing on the curb and the children as they were leaving the athletic field;
(3) In not hearing and heeding the coach's whistle; and
(4) In not seeing the minor plaintiff prior to the time he actually ran into defendant's automobile.
*209 As to No. 1, we find no evidence of any speed zone or signs along Minerva Street, or any other evidence which would warrant a finding that the defendant was exceeding the legal speed limit. However, it is not contended that he was travelling more than 5 miles per hour in excess of the speed limit, and there is no evidence that such speed was a proximate cause of the accident.
As to No. 2, we find no actions or motions on the part of the coach or the school children, if the defendant had seen them, which would warn him that the minor plaintiff was about to run from between the parked automobiles into the side of his car. Therefore, even if his failure to see them constituted an act of negligence, it is not shown that this was a proximate cause of the accident.
As to No. 3, the minor plaintiff did not hear or heed the whistle at all, and the defendant stated that he heard it at the instant of impact, but had no chance to heed it, so that if this were negligence on the part of the defendant, it was also contributory negligence on the part of the minor plaintiff.
As to No. 4, the evidence shows that neither the minor plaintiff nor the defendant saw each other until the instant of impact. Since the minor plaintiff only had 3 or 4 feet to go into the street from between the parked cars before he ran into the defendant's car, the defendant would have had no chance to avoid the collision, even though he had seen the minor plaintiff prior to the accident. Also, the act of the minor plaintiff in running from between the parked automobiles without looking and into the side of defendant's car clearly constituted an act of negligence on his part.
Accordingly the summary judgment appealed from should be and it is hereby affirmed.
WIGGINTON, Chief Judge, and CARROLL, DONALD, J., concur.