ALLEN, Chief Judge.
This is a negligence action in which the plaintiff has appealed from a judgment entered on a directed verdict in favor of the defendants.
The defendant, Haney, was driving a truck which was owned by his employer, the defendant, Meekins, Inc., when the truck struck and killed a child. The weather was clear and Haney was traveling approximately 25 miles per hour along a road with which he was familiar. There was no sidewalk at the point where the accident occurred but there was a twelve foot space between the edge of the road and the front of certain buildings. This twelve foot space was used when necessary by various persons, including children, as a walkway. While Haney was driving along he observed two small boys and a dog approximately 150 feet away in front of one of the store buildings. As Haney approached, one of the boys, apparently running away from the barking dog, ran into the street and was struck by the truck.
Haney had not slowed down but did apply his brakes immediately upon seeing the boy running toward the street. The truck swerved to the left but was unsuccessful in avoiding the child.
At the close of plaintiff’s case both parties moved for a directed verdict, and the trial judge granted defendant’s motion.
On cross-examination, the defendant driver was asked to narrate exactly what had occurred. In so doing he gave the following statement:
“ * * * And what drew my attention to them was this little brown dog come running out from around the edge of the building and barking and jumping at them, and all of a sudden this one boy, he just turned around and looked in back of him, watched the dog and just made a bee-line as fast as he could run right towards the edge of the road. I locked my brakes and the truck started to skid, and as he went out of sight from the fender up here — of course, the dump truck has a long hood on it — I—the boy being just six or seven years old and, I will say, average height, after he got up to a certain distance of the truck there, maybe 8 or 10 feet, he went out of my line of vision, I couldn’t see him any more.
“Well, as he went out of my line of vision, I turned the wheel sharply to my left, cutting out into the road, thinking maybe that I could avoid him, which wasn’t the case, and at the last minute he ran right into the side of the truck, coming in an angle about like that (indicating). He ran into the right front fender, right on the curve of the fender at the edge there. That, roughly, is what happened.” (Emphasis added.)
A similar situation was presented irt Bailey et al. v. Keene, Fla.App.1960, 122 So.2d 498, 499, wherein the trial court had entered summary judgment for the defendant. The plaintiff-father had gone to the-school which his minor daughter attended to get her. While he was there he directed his daughter to go look for her brother so he could ride home also. She looked for her brother and, after calling across the street to tell her father that she. *721 couldn’t find her brother, the father told her to come on back across the street to the car. She started across the street and was struck by the defendant’s automobile.
In a Per Curiam affirmance the Court stated:
“Without reciting any further details of the accident, we mention that the trial judge followed the case of Griffis v. Du Bow, Fla.App.1959, 114 So.2d 207, as the basis for the entry of the judgment. We find no fault with the judge’s determination and uphold the judgment entered by him.”
The case of Griffis v. Du Bow, Fla.App. 1959, 114 So.2d 207, 209, cited above, also involved a negligence action, wherein summary judgment had been entered for the defendant. In that case a 12 year old boy had run into the left front side of defendant’s automobile from between two parked automobiles without looking in either direction. In affirming the granting of summary judgment in favor of the defendant, the Court stated:
“As to No. 4, the evidence shows that neither the minor plaintiff nor the defendant saw each other until the instant of impact. Since the minor plaintiff only had 3 or 4 feet to go into the street from between the parked cars before he ran into the defendant’s car, the defendant would have had no chance to avoid the collision, even though he had seen the minor plaintiff prior to the accident. Also, the act of the minor plaintiff in running from between the parked automobiles without looking and into the side of defendant’s car clearly constituted an act of negligence on his part.”
See also Ehrens v. Miami Transit Co., 155 Fla. 394, 20 So.2d 261.
It is not disputed in the instant case that there are normally children and adults walking along the walkway adjoining this particular road; that the defendant was not exceeding the lawful speed; that defendant was keeping a proper lookout; that defendant could not swerve to the left because of oncoming traffic; that defendant took his foot off the accelerator and applied his airbrakes as soon as he saw the boy start for the street; that the right front fender shows the point of impact between the boy and the truck; and that the defendant did partially cut to the left to avoid the accident thereby causing an oncoming vehicle to go off the other side of the road.
After a careful consideration of the record in this case and in view of the principles set forth herein, we conclude that the evidence was insufficient to warrant submission of the plaintiff’s case to the jury. Having concluded that the judgment must be affirmed, we will not pass on other matters which were urged on this appeal and have been considered by the court to not warrant discussion.
Affirmed.
SHANNON, J., and PATTEN, GEORGE L., Associate Judge, concur.