166 So.2d 820 (1964)
Albert John THERIAULT, Jr., Appellant,
v.
Sellers B. ROGERS and William Bruce Rogers, a minor, by and through his father and next friend, Sellers B. Rogers, Appellees.
No. 63-815.
District Court of Appeal of Florida. Third District.
June 30, 1964.
Rehearing Denied September 10, 1964.
Dean, Adams & Fischer, Miami, for appellant.
Matthews & Quinton, Miami, for appellees.
Before CARROLL, TILLMAN PEARSON and HENDRY, JJ.
HENDRY, Judge.
Defendant-appellant's principal contention is that the trial court erred in failing to grant his motion for directed verdict.
*821 The facts, viewed in the light most favorable to the plaintiffs, and giving them every possible inference in their favor, are as follows:
On September 3, 1960 the appellee, William Bruce Rogers (hereafter referred to as "Billy"), age 9, went fishing with his friend, Victor Santie, Jr. and his friend's father, brother and sister. They were fishing at a canal located approximately 28 miles west of Miami on State Road 90, known as the Tamiami Trail. The two lane road ran in an east-west direction, and was bisected at this point by the canal which ran in a north-south direction. There was a bridge over the canal with a railing three feet high on either side. The road, at this point, is straight, flat and unobstructed for a great distance in either direction.
The boy was on the southwestern side of the bridge and the girl, Elizabeth Santie, age 11, was on the southeastern corner of the bridge when Billy started walking briskly in a diagonal northwesterly direction to the other side of the road. Billy had crossed the southern lane and just crossed into the northern lane when the defendant, driving at about 45 miles an hour in a westerly direction, hit Billy with the left front side of his car. This caused the boy to fly into the air and land in a sitting position seventy-five feet farther along the road, at which time the defendant's car hit him for the second time dragging him under the car.
Elizabeth Santie testified that she had seen the defendant's car some distance down the road, but the defendant insisted that he did not see the girl nor Billy on the south side of the bridge as he approached. The defendant further testified that he did not see Billy until he was ten to twentyeight feet away, at which time it was "too late".
The defendant, in support of its contention for a directed verdict, has argued the facts in this case bring it within that line of cases generally referred to as a "dart out" or "sudden emergency" cases. We can not agree that this case falls within that class or category. It is not controlled by the law enunciated in such cases. In those situations, the courts have permitted directed verdicts or summary judgments in defendant's favor on the basis of a child running out from behind some obstacle or the middle of a street without any prior warning, and under such circumstances as make it impossible for the driver to avoid hitting the child.[1]
The facts as outlined by defendant are capable of belief, but they are the defendant's version, and the plaintiff's version, must be considered true for the purposes of deciding the defendant's motion for a directed verdict.[2] Applying this test to the present case, we, in complete accord with the trial court, came to the inescapable conclusion that the issue was properly submitted to the jury.
"Many years ago this court aligned itself with the view that an automobile is a dangerous instrumentality and while the driver thereof is certainly not an insurer of the safety of those who project themselves into his pathway, he is charged with the responsibility of having his vehicle under control at all times, commensurate with the circumstances and the locale. Another of his responsibilities is to maintain a sharp and attentive lookout in order to keep himself prepared to meet the exigencies of an emergency within reason and consistent with reasonable care and caution." Nelson v. Ziegler, supra, 89 So.2d at 783.
It is the failure of defendant to act as required by the Supreme Court, above quoted, which constituted the negligence resulting in the plaintiff's injury. The facts *822 indicate, and the jury evidently so found, that the defendant was negligent in failing to see the boy sooner than he did, and thereby avoid the injury.
The further question of Billy's contributory negligence was properly preserved for the jury, and the trial court did not err in failing to direct a verdict for defendant on this basis.[3]
Accordingly the judgment appealed is affirmed in all respects.
Affirmed.
NOTES
[1] Ehrens v. Miami Transit Co., 155 Fla. 394, 20 So.2d 261; Dupree v. Pitts, Fla. App. 1964, 159 So.2d 904; Baro v. Wilson, Fla.App. 1961, 134 So.2d 843.
[2] Nelson v. Ziegler, Fla. 1956, 89 So.2d 780.
[3] City of Jacksonville v. Stokes, Fla. 1954, 74 So.2d 278; Bermudez v. Jenkins, Fla.App. 1962, 144 So.2d 859.