FUSSELL, CARROLL W., Associate Judge.
Plaintiff below appeals from a final summary judgment for defendant based on consideration by the Circuit Judge of depositions, affidavits and counter-affidavits.
The suit was brought by the father and next friend of his minor 12-year old son for the son’s injuries suffered when he ran into the left front side of a jeep being driven by the defendant. We agree that the depositions and affidavits show that there is no genuine issue as to any material fact and we affirm the action of the lower court in entering summary judgment for the defendant.
This accident occurred at about 1:30 P.M. on a sunshiny day on U. S. Highway A1A, which is a 2-lane paved highway on Merritt Island in Brevard County, Florida, and is straight in both directions at this point. The plaintiff minor and his 11-year old boy friend had caught a ride and were in the back seat of an Oldsmobile car being driven by a young mother who had her young daughter in the front seat with her. The Oldsmobile car was being driven northward and was followed by another car about one-quarter of a mile to the rear, and the Jeep driven by the defendant was proceeding southward. All of the cars were, or had been, going at a speed of 45 to 55 miles per hour. This was outside a municipality and there were no road markers indicating the speed limit, but an affidavit of a road department engineer indicated that the speed limit was 65 miles per hour. The Oldsmobile came to a halt on the north-bound lane and the driver held her left hand straight out, indicating and intending to turn left, when the traffic had cleared, into a dirt road on the west side of U. S. Highway A1A.
The undisputed evidence then indicates that the two boys within 5 to 10 seconds, got out of the right, rear door of the Oldsmobile and ran or trotted around the rear of the Oldsmobile and across the highway *47 directly in front of defendant’s Jeep, which struck and killed the companion of plaintiff’s minor son, who followed without looking, or at least without seeing, and ran into the left front side, at about the door, of defendant’s Jeep. All witnesses making statements stated that the defendant had no chance to avoid the accident, but that he did attempt to turn to the right and to put on his brakes and did stop within about 40 feet of the point of contact, although there was no evidence of skid marks.
Plaintiff attempts to show that this was in fact a residential district and that the defendant was exceeding the speed limit, going more than 30 miles per hour. Plaintiff contends that therefore the question of defendant’s negligence and of the contributory negligence of the plaintiff should be decided by a jury, who should also be instructed on the doctrine of the last clear chance.
There must be some evidence of negligence on the part of the defendant which was a proximate cause of the accident before it is necessary to consider the defense of contributory negligence. We fail to find any evidence whatsoever of such negligence on the part of the defendant. He was proceeding in a normal manner, at the prevalent speed, within the accepted speed limit. There is no evidence that he did not maintain a proper look-out, or that he could have seen the two boys in time to have avoided the accident. There was no evidence that the Oldsmobile was stopped off of instead of on the highway, or that the driver was giving a stop instead of a left-turn signal, or of any other fact that would have put the defendant on notice that any danger was impending or that he should beware or take caution. On the other hand, everything indicated _ that the Oldsmobile was stopped, awaiting his passing, so it could make a left turn, and it was in nowise negligent or improper for the defendant to proceed on by without reducing his speed.
There were no facts indicating the doctrine of the last clear chance, for there was no way to prevent the plaintiff’s minor son from running into the side of defendant’s car.
The cases of Griffis v. DuBow, 114 So.2d 207 (1st D.C.A. Florida 1959); Bailey v. Keene, 122 So.2d 498 (2nd D.C.A. Fla. 1960); and Jackson v. Haney, 124 So.2d 719 (2nd D.C.A. Fla.1960), are quite similar factually, and are authority for the decision in this case.
Affirmed.
SHANNON, Acting C. J., and ANDREWS, J., concur.