HOBSON, Judge.
This is a negligence action in which the appellant-plaintiff has appealed from a final judgment entered on a directed verdict in favor of the appellee-defendant.
On March 13, 1963 at approximately 4 P.M., on a clear, sunshiny day, plaintiff’s son, John David Williams, approximately two and one-half years of age, was struck by an automobile driven by Barbara Ann Hutson, the defendant. The child died some 16 days later on March 29, 1963.
This collision occurred on Brunell Street, .a residential section in the City of Lakeland, Florida. Brunell Street runs north and ■south. At or near the scene of the accident ■Candyce Avenue intersects with Brunell at .a “T” shaped intersection, so that Candyce runs to the east from Brunell. Plaintiff .and his family resided in a house located ■on the west side of Brunell Street just before it intersects with Candyce on the east.
Defendant was proceeding in a southerly •direction on Brunell. As she approached the “T” shaped intersection of Candyce and Brunell she observed a large tractor-trailer truck which was parked to her right or on the west side of Brunell.. This truck was owned by the plaintiff and so situated that its cab and a portion of the truck body paralleled the front portion of plaintiff’s residence. As the defendant approached this truck she reduced the speed of her automobile. Defendant testified that as she approached the truck and just'before the accident she did not look at her speedometer but that her speed as she passed the truck was “a little bit slower than 20 miles per hour.”
Defendant first saw the deceased when her car, or the front part of it, had just passed the truck parked to her right. She testified the child was walking fast and coming into the street from her right or from the west side of Brunell. The defendant further testified that upon seeing the child she immediately applied her brakes and “stopped as fast as I could.” She did not blow her horn nor attempt to swerve to the left side of the roadway even though she had ample room to do so. The police officer assigned to this investigation testified that there was no evidence to indicate that the child had been dragged. The child was lying immediately adjacent to the right front tire of the defendant’s car when her automobile came to rest. There was no visible damage to defendant’s car. The distance from the front of the parked truck to the point where the defendant’s car and the child came to rest was approximately 65 feet. There were no eye witnesses to the accident.
The only witness who saw the deceased child before the accident testified that the child was playing in the driveway of the Williams’ residence, which was located in front of the tractor-trailer truck, and the child emerged “more or less running.”
While there is considerable conflict as to the specific position or location of another automobile presumably parked south of the accident scene, we do not regard its location essential to disposing of this appeal. This is so because the conflict concerned whether or not the other automobile was parked in such a position as to obstruct the defendant’s view of the child. Under the law applicable to directed verdicts the con *560 flict must be resolved in favor of the plaintiff.
It is well settled that a party moving for a directed verdict admits, for the purposes of the motion, not only the facts shown by the evidence, but also every reasonable inference favorable to the adverse party that the jury might fairly arrive at from the evidence. Thus, based upon the evidence and all reasonable inferences drawn therefrom, the jury could have found the following: the defendant was driving in a residential neighborhood, where on occasion she had observed children playing in the street, at a speed of less than twenty miles per hour; that from the position of the child with respect to the defendant’s car when it came to rest, no evidence that the child had been dragged and from the fact that there was no visible damage to the defendant’s car, the defendant had almost come to a complete stop at the moment of impact; that the defendant could have observed the child for a distance of 65 feet prior to impact; that the defendant, although there was ample room and sufficient time to swerve her car to the left, did not attempt to do so; that if the defendant had swerved her car to the left the accident could have been avoided.
The defendant-appellee has cited to this Court as authority to affirm the final judgment the cases of Kautzmann-Vernet Lumber Co. v. Fink, 1945, 156 Fla. 628, 24 So.2d 112, Jackson v. Haney, Fla.App.1960, 124 So.2d 719, and Ehrens v. Miami Transit Company, 1944, 155 Fla. 394, 20 So.2d 261. In the Ehrens case, supra, the Supreme Court held that there was only one determinative fact relied ttpon by the appellant to reverse the directed verdict in favor of the defendant. This fact was that the driver of the defendant’s bus had an unobstructed view of the street as the child traversed it and could as a consequence have avoided striking the child. The Court held that from the evidence the view of the defendant’s bus driver was obstructed by an oncoming bus from behind which the child ran directly into the path of the defendant’s bus before the driver was aware of his presence. Under these circumstances it was held that the testimony did not tend to establish negligence on the part of the defendant.
In the Kautzmann case, supra, the evidence conclusively showed that the defendant driver swerved to the left in an attempt to avoid striking the child.
In the Jackson case, supra, the evidence showed that the defendant driver, although faced with an oncoming vehicle, cut to the left in an attempt to avoid striking the child and thereby caused the oncoming vehicle to go off the other side of the road.
From the testimony in the instant case the jury could have determined that the defendant did everything under the circumstances that a reasonably prudent person should have done with the exception of the one thing, to-wit, swerving her car to the left, which might have avoided the accident.
We feel that when the evidence, and every reasonable inference therefrom is considered in a light most favorable to the plaintiff there arises a question of fact as to whether or not the defendant was guilty of negligence. It goes without saying that where there is a question of fact as to any negligence on the part of the defendant such question must be resolved by a jury.
For the foregoing reasons the final judgment entered upon a directed verdict is hereby reversed and a new trial granted.
SHANNON, Acting C. J., and BRU-TON, JAMES D., Jr., Associate Judge, concur.