226 So.2d 866 (1969)
Danni Gail BYRD, by Her Next Friend, James Byrd, and James Byrd, Appellants,
v.
Roy LEACH and John Drude, Appellees.
No. 2169.
District Court of Appeal of Florida. Fourth District.
October 8, 1969.
*867 John H. Lewis, of Glasel, Meyer, Leben, Fixel & Gaines, Hollywood, for appellants.
Leonard Bernard, Jr., and Burl F. George, of Carey, Dwyer, Austin, Cole & Selwood, Fort Lauderdale, for appellees.
WALDEN, Judge.
There was a collision between a pickup truck and an eight year old girl pedestrian. She suffered personal injuries and, joined by her father, sued the truck driver and truck owner, charging negligent operation of the truck. The trial court found from the record no negligence and granted defendant's motion for summary judgment. Plaintiffs appeal the judgment. We affirm.
The pertinent record consisted of the pleadings, answers to defendants' interrogatories and defendants' depositions, all in support of defendants' motion. Plaintiffs did not submit any proofs in opposition or ask for additional time to do so.
The clear and undisputed facts reveal that on January 14, 1967, at about 2:30 P.M., defendant, Drude, was driving his employer's pick-up truck southbound on N.W. 66th Avenue in West Hollywood, Florida. He planned to make a right hand turn and head west on N.W. 22nd Court. N.W. 66th Avenue is a two lane, 20 foot wide, blacktop road running north and south with a dividing centerline. Drude had been traveling at a speed of 20-25 miles per hour, but prior to the point of the accident had slowed down to 15 miles per hour.
Drude first saw the Byrd child about 112 feet from his truck, when she was standing about 50-70 feet north of the intersection at the corner of N.W. 22nd Court and N.W. 66th Avenue. She was standing about 3 feet to the right and off the road looking down at a bag she was holding, apparently waiting for the pick-up truck to pass.
Drude's testimony is that he made no swerves to the right or the left, but continued proceeding straight ahead. There was nothing protruding from the truck and the bed of the truck did not extend beyond the cabin to the right or the left. There was no evidence or basis for an inference to the contrary.
Drude did not see the Byrd child move forward from the time he first saw her or as he passed her in the truck. As the truck passed, Drude heard a "thump" sound from the back end of the truck and looked back to see if there was something rolling around in the truck. Immediately he saw the Byrd child sitting on the side of the road. Drude stopped the truck and went to the assistance of the little girl. He noticed there were smudge marks on the lower portion of the back panel of the truck.
Plaintiffs argue under the authority of Jones v. Stoutenburgh, Fla. 1959, 91 So.2d 299, and Crovella v. Cochrane, Fla.App. 1958, 102 So.2d 307, and other cases, that upon review the "slightest doubt" of any conflicting issue of material fact or reasonable inference thereof must be decided against the movant, in favor of a jury determination. From somewhere, but not from any part of the record so far as we can discern, the plaintiffs conjure up an inference that the Byrd child must have walked into the roadway before Drude's passage or that Drude must have driven his truck in such a manner that a portion of his truck was protruding into an area where he knew the Byrd child was standing. Based upon this supposition, plaintiffs conclude that they should be given an *868 opportunity to present further evidence on this issue at a jury trial. We do not agree.
The burden of proving the absence of material facts so that no genuine issue is left for a jury determination is on the movant. Lampman v. City of North Miami, Fla.App. 1968, 209 So.2d 273. If the evidence by affidavit, deposition or otherwise demonstrates the existence of a genuine issue, summary judgment should be denied. Harvey Building, Inc. v. Haley, Fla. 1965, 175 So.2d 780; Producers Fertilizer Co. v. Holder, Fla.App. 1968, 208 So.2d 492. The term "genuine issue" means a real, as opposed to a false or colorable, issue. Harrison v. Consumers Mortgage Co., Fla.App. 1963, 154 So.2d 194. This burden on the party moving for a summary judgment has been discussed as that of proving a negative so conclusively that it overcomes all reasonable inferences which may be drawn in favor of the opposing party, Holl v. Talcott, Fla. 1966, 191 So.2d 40. This may be done by the use of admissible evidence including pleadings, affidavits, depositions and interrogatories.
Although the burden does not shift to the party opposing a motion for summary judgment, he may not merely assert that an issue does exist, but he must go forward with evidence sufficient to generate an issue on a material fact, Harvey Building, Inc. v. Haley, supra. He need not present his entire case on allegations he hopes to establish, but he must demonstrate a good faith intent to offer proof of facts which will present a triable issue, National Exhibition Co. v. Ball, Fla.App. 1962, 139 So.2d 489. This was not done here by plaintiffs as they sat idly by and made no effort to demonstrate a genuine issue or to show that facts existed which would create a matter requiring jury determination.
Reiterating, the evidence is clear that Defendant-Drude did not swerve the truck, that there was nothing protruding from the truck, and that he slowed the speed of the truck to 15 miles per hour when approaching and passing the Byrd child. There is no basis for finding that Drude saw the child move or start to move into his path or for a finding that he ought to have seen such. When no evidence of negligence is present, summary judgment is appropriate. Griffis v. Du Bow, Fla.App. 1959, 114 So.2d 207; Bailey v. Keene, Fla.App. 1960, 122 So.2d 498; Cahill v. Cooney, Fla.App. 1966, 182 So.2d 32. For similar fact situations where the issue was decided as a matter of law, see Jackson v. Haney, Fla.App. 1960, 124 So.2d 719; Green v. Loudermilk, Fla.App. 1962, 146 So.2d 601.
Based on the circumstances, was there some requirement in law for the driver to sound the horn or veer his truck out of his traffic lane? We think not. To require such would be to take a view contrary to the law concerning pyramid of inferences. First, it would be necessary to infer as the driver proceeded along the thoroughfare that the child was unaware of the truck and the danger occasioned by its passage and that she would step into its side following the passage of the cab and the driver's line of vision, and that the driver knew or should have known this. Then a second inference must be pyramided upon it to the effect that the measures of blowing the horn or veering the truck, if employed, would be successful in preventing the accident. Inasmuch as the first inference can not be said to have been established to the exclusion of any other reasonable inference the proposition is barred by the rule against pyramided inferences. Voelker v. Combined Ins. Co. of America, Fla. 1954, 73 So.2d 403; New York Life Ins. Co. v. McNeely, 1938, 52 Ariz. 181, 79 P.2d 948; see also Wigmore on Evidence, § 41; Commercial Credit Corporation v. Varn, Fla.App. 1959, 108 So.2d 638.
As we analyze and assay the record in the light accorded us by the appellate papers and briefs we find that the only permissible inference whereby this collision may be explained is that the Byrd child stepped into the side of the truck after passage of the cab and after passage from *869 the range of the driver's vision. Thus, all evidence and inferences lead us to an inescapable conclusion that the sole proximate cause of this unfortunate happening was the negligence of the Byrd child. Accordingly, we approve the action of the trial court in entering summary judgment for the defendants.
Affirmed.
McCAIN and OWEN, JJ., concur.