RAWLS, Judge
(dissenting).
In my opinion the trial judge was correct in entering the summary judgment in this cause upon the admitted uncontradicted facts.
Appellants, after commenting in their brief that no violation of posted speed limit occurred, argue that the speed of defendant’s vehicle was in excess of that dictated by the circumstances and conditions immediately prior to the happening of the accident. Appellants then argue: “Admittedly, the driver and the passenger both viewed the child in a stationary position some four to six feet from the roadway. Admittedly, the view was clear and unobstructed. Admittedly, it was noticed the child was looking in a direction other than toward the ap-poaching vehicle. Admittedly, the only reaction of the driver prior to the child’s movement into the street was to let up on the gas a little, and even this reaction was not immediately upon seeing the child. Admittedly, the brakes were not applied to the automobile until the child actually made movement toward the roadway.” Appellants then conclude: “The evidence clearly shows that the conditions were such that had the driver been maintaining a proper lookout, he would have so observed the child.”
After reviewing appellants’ foregoing facts, the question occurs: What negligent act did the driver of defendant’s automobile commit? In view of the fact that the driver was traveling at a moderate rate of speed in the school zone (the speed had been reduced to such an extent that the traffic to the driver’s rear was to the point of being impeded) and reduced his speed upon seeing the child standing in a stationary position to his right, the only course of action he could have taken would have been to anticipate that the child was going to dart into the path of his automobile and in contemplating such an action, to slam on his brakes prior to any movement on the part of the child. Such defensive driving tactics, if exercised by every motorist traveling in a school zone would, of course, impede traffic to the extent that automobiles could not be utilized as a mode of transportation. I submit that it is not negligence and it is prejudicial to hold, as apparently the majority has held in this case, that a driver must in all circumstances apply his brakes when he sees a child standing from four to six feet to the right of a roadway. The uncontradicted facts in this case, in my opinion, reflect no inference of negligence on the part of the driver of the automobile but to the contrary proves conclusively that the driver was exercising every reasonable obligation of a motorist under the circumstances. In Jackson v. Haney, 124 So.2d 719 (Fla.App.2d 1960), the Second District Court of Appeal held:
“It is not disputed in the instant case that there are normally children and adults walking along the walkway adjoining this particular road; that the defendant was not exceeding the lawful speed; that defendant was keeping a proper lookout; that defendant could not swerve to the left because of oncoming traffic; that defendant took his foot off the accelerator and applied his airbrakes as soon as he saw the boy start for the street; that the right front fender shows the point of impact between the boy and the truck; and that the defendant did partially cut to the left to avoid the ac *695 cident thereby causing an oncoming vehicle to go off the other side of the road.”
In my opinion, the foregoing statement is applicable to the uncontroverted facts in the instant case.
I dissent.