297 So.2d 841 (1974)
Mary Lee SMITH, As Administratrix of the Estate of Levi Smith, and Mary Lee Smith, Individually, Appellant,
v.
AVIS RENT-A-CAR SYSTEM, INC., a Corporation, and Liberty Mutual Insurance Company, a Corporation, Appellees.
No. 73-810.
District Court of Appeal of Florida, Second District.
July 24, 1974.
Wagner, Cunningham, Vaughan, Hapner & May, Tampa, and Podhurst, Orseck & Parks, Miami, for appellant.
Robert L. Dube, Miami, Brown, Dixon, Shear, Brown & Stephenson, Tampa, and Richard M. Gale, Miami, for appellees.
GRIMES, Judge.
The plaintiff's decedent was killed when the truck he was driving crashed into a guardrail of the Howard Frankland Bridge. In his deposition, a surviving passenger said that the decedent lost control of the vehicle when a "ball of fire rolled out" from the area of the ignition. The truck was leased by Avis to the decedent's employer. Avis retained full responsibility for the maintenance and repair of the truck and conducted minor maintenance upon it daily. The existence of electric sparks coming from the ignition had previously been made known to Avis, and a leak in a gasoline line near the driver's seat had also been reported. An affidavit of a mechanic was filed in which it was said that assuming the accuracy of the passenger's testimony, it was his opinion that "there was a mechanical defect in the truck which caused the fire described." Avis' service manager testified that it would be impossible for fire to come up through the ignition as described by the eyewitness.
*842 In granting a summary judgment to the defendants, the trial court said:
"... There should be some evidence indicating in what particular the Defendant has failed to use reasonable care, i.e., in the language of the definition `that it failed to do something that a reasonably careful person would do under like circumstances.' The record is to the contrary... ."
We believe the court misconstrued the burden which is applicable to a motion for summary judgment. In Visingardi v. Tirone, Fla. 1966, 193 So.2d 601, the Supreme Court said:
"The basic error in both the Holl case [Holl v. Talcott, Fla.App., 171 So.2d 412], supra, and the instant case consisted of the failure of the lower courts to distinguish adequately between the plaintiff's burden at the trial and that which he bore as the party opposing a motion for summary judgment. In both cases, the lower courts appeared to proceed as though the movant's burden in the latter circumstance were something less than to show conclusively that no material issues remained for trial. The result, of course, was to place upon the opposing party a heavier burden of showing such triable issues than the rule either requires or allows to be placed upon him."
The Supreme Court then summarized its position by saying:
"... In other words, the burden of a party moving for summary judgment is greater, not less, than that of the plaintiff at the trial. The plaintiff may prevail on the basis of a mere preponderance of the evidence. However, the party moving for summary judgment must show conclusively that no material issues remain for trial... ."
We do not think it necessary to discuss the plaintiff's theories of recovery. For purposes of summary judgment, the defendants failed to carry the burden of conclusively showing no material issues of fact.
The summary judgment is reversed.
HOBSON, Acting C.J., and BOARDMAN, J., concur.