304 So.2d 535 (1974)
Milo BELL, Individually and As Father and Next Friend of Susan Bell, a Minor, Appellants,
v.
A.A. HOLIDAY RENT-A-CAR, INC., a Dissolved Florida Corporation, and Francisco Jose Fernandez, Appellees.
No. 74-299.
District Court of Appeal of Florida, Third District.
December 10, 1974.
Ira Pozen, Miami, for appellants.
Preddy, Haddad, Kutner & Hardy and Charles B. Patrick, Miami, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Plaintiff-appellant seeks review of a final judgment entered pursuant to an adverse directed verdict rendered by the trial court at the conclusion of the plaintiff's case.
Plaintiff Susan Bell was injured when she was struck by an automobile driven by defendant Fernandez, an employee for A.A. Holiday Rent-A-Car, Inc. The accident occurred on 41st Street on Miami Beach shortly after school had let out for the afternoon.
The plaintiff, at the time of the accident thirteen years old, was hit as she crossed the street. On cross-examination, the young girl admitted that she was jaywalking.
Fernandez testified by deposition that he was concentrating on the traffic straight ahead, because the traffic on 41st Street is congested and vehicles must proceed in a generally stop-and-go manner. He said he never saw the plaintiff until after he heard a noise, "like something hitting the car," and he immediately stopped the car and heard a girl screaming.
The plaintiff testified that she saw the Fernandez vehicle approaching from about a block and a half away in the far lane just before she stepped off the sidewalk. Another car in the lane closest to the sidewalk had stopped to permit the plaintiff *536 and other schoolchildren, who were walking with the plaintiff, to cross.
The plaintiff started to cross, following another friend, David Golzbein, who testified that he had just run to the median strip of the street, that he saw the Fernandez car approaching and he then turned to see the plaintiff hit.
The only point at issue on this appeal is the trial court's direction of a verdict in favor of the defendants. Plaintiff argues that the evidence presented justified submitting the cause to the jury. Defendants contend the court was correct in concluding that six reasonable men could not reach differing conclusions that the defendants were not negligent.
Plaintiff cites several cases, each involving a pedestrian-automobile accident, as support for her position. See, Mathis v. Lambert, Fla.App. 1973, 274 So.2d 601; Theriault v. Rogers, Fla.App. 1964, 166 So.2d 820; Nelson v. Ziegler, Fla. 1956, 89 So.2d 780; Miami Paper Co. v. Johnston, Fla. 1952, 58 So.2d 869.
As might be expected, each case involves a varying factual milieu from the case at bar. Moreover, the principles of law enunciated in each case actually provides stronger support to the defendants under the facts of this case.
It is clear from these cases as well as several cited by the defendant[1] that the rights of motorists and pedestrians on the public highways are reciprocal. A motorist is not an insurer of the safety of a pedestrian who thrusts himself into the vehicle's pathway.
In our opinion, this case properly may be classified as a "darting out" or "sudden emergency" type case where an on-coming motorist in the exercise of due care has no reason to suspect that a pedestrian will project himself into the line of traffic.
Therefore, for the reasons stated and upon the authority cited, the judgment appealed is affirmed.
Affirmed.
NOTES
[1] E.g., Baro v. Wilson, Fla.App. 1961, 134 So.2d 843; Applegate v. Holland, Fla.App. 1965, 177 So.2d 46; Green v. Kersey, Fla. App. 1966, 189 So.2d 236; Resnick v. National Car Rental Systems, Inc., Fla.App. 1972, 266 So.2d 74.