GRIMES, Judge.
This is an appeal from a summary judgment for the defendant in a personal injury action arising out of a motor vehicle accident.
The pleadings and depositions reflect the following facts. Plaintiff/appellant (Honey) was operating a motorcycle when he collided with the rear of an automobile being driven by defendant/appellee (Farrell). The accident occurred in the eastbound lane of 131st Avenue in Tampa shortly after midnight on a Saturday night. A light rain was falling at the time.
Honey has retrograde amnesia as a result of the accident and can recall no facts with respect to its occurrence. Farrell said he was coming home from a pool hall where he had drunk three beers. He said he was driving south on 19th Street and stopped for a stop sign at the intersection of 131st Avenue. He looked to the right, saw no traffic coming and turned east on 131st. When the accident occurred he said he had *42 proceeded “probably about half a block, 250 feet, something. Maybe a little less.” He indicated that he was traveling about 30 miles per hour when the motorcycle struck him from behind.
Officer Williams, who investigated the accident, said he found Farrell’s vehicle “almost adjacent across from” a convenience store on the north side of the street. He testified that the store was 50 to 55 yards east of the intersection. He said Farrell’s vehicle had moved 105 feet east from where he concluded the impact had occurred. Farrell’s vehicle left skidmarks after but not before “the point of impact.” The turn signals on Farrell’s automobile were not working. Farrell was charged with D.W.I. but the record does not reflect the disposition of this charge. His blood alcohol level was said to be 1.1 (presumably 0.11 per cent).
The file contained an affidavit by Ms. Wackerle which read as follows:
“1. On April 8, 1973 I was seated at my window of my house and I had a clear view of the intersection of 131st Avenue and 19th Street. That while seated in my home and with a view of the said intersection, I saw the motorcycle come from the west going east on 131st Street. That after passing out of my view to the east, I heard the crash of the collision.
2. That at no time during my observation of this intersection or during the time that the motorcycle was coming down 131st Street did I observe any automobile come south on 19th Street and/or turn left onto 131st Street in an easterly direction.
3. Further I have said that there was no automobile immediately preceding the motorcycle going east on 131st Street.
4. The motorcycle appeared to be proceeding at a reasonable and normal rate of speed.”
Under comparative negligence, proof of Honey’s negligence would not bar his recovery if Farrell was also negligent. Hoffman v. Jones, Fla.1973, 280 So.2d 431. Honey argues that the evidence raises three possible inferences of negligence on Farrell’s part, to wit:
(a) Farrell had slowed down to turn into the convenience store and since his turn signals were not working, Honey couldn’t see him.
(b) Farrell had suddenly emerged from the convenience store immediately in front of Honey.
(c) Farrell failed to see Honey approaching from the right on 131st Avenue and made his left turn in front of him.
Farrell doesn’t seriously dispute that one or more of the foregoing inferences could be drawn from the facts, but he contends that none of them are reasonable. See Byrd v. Leach, Fla.App. 4th, 1969, 226 So.2d 866. We agree that there are strong circumstances tending to negate the likelihood of any of these inferences. Yet, viewing the evidence as a whole, we cannot say that for purposes of summary judgment all of these inferences are unreasonable. The fact that Ms. Wackerle’s affidavit leaves unanswered several important questions weighs against rather than in favor of a summary judgment. See Holl v. Talcott, Fla.1966, 191 So.2d 40. Likewise, the effect of Farrell’s drinking cannot be overlooked. Cf. Ingram v. Pettit, Fla.1976, (Case No. 46,679, Opinion filed March 31, 1976). In the final analysis, we hold that Farrell failed to carry his burden of conclusively showing that no material issues remain for trial. Visingardi v. Tirone, Fla.1966, 193 So.2d 601; Smith v. Avis Rent-A-Car System, Inc., Fla.App.2d, 1974, 297 So.2d 841.
REVERSED.
McNULTY, C. J., and BOARDMAN, J., concur.