SCHOONOVER, JACK R., Associate Judge.
Appellants/plaintiffs, R. Todd Woods and Barbara A. Woods, his wife, sought recovery under the terms of an insurance policy issued by the appellee/defendant, Federal Insurance Company, as a result of damage to the appellants’ home caused by a fire. The lower court granted a partial summary judgment in favor of the appellee, and the appellants filed their timely interlocutory appeal.
The appellants/plaintiffs contend that the lower court erred in allocating to Coverage C of the policy (Unscheduled Personal Property) one-half of the cost of police protection, and in holding that the wall-to-wall carpeting destroyed by the fire fell under the same coverage of the policy.
We agree with the appellants/plaintiffs that the lower court erred on the evidence presented in allocating one-half of the cost of the police protection to Coverage C of the policy, but agree with the lower court’s holding that the wall-to-wall carpeting was properly considered as personal property. We accordingly reverse that portion of the summary judgment relating to the cost of police protection and affirm that portion holding that wall-to-wall carpeting was personal property under the facts of this case.
On Thanksgiving Day, November 22, 1973, the appellants’ home was destroyed by fire. The appellee’s agent authorized police protection for the premises over the holiday weekend. The damage to the dwelling and contents were subsequently determined, and damages to the contents of the home exceeded the $37,500 limit in the policy. The appellee/defendant Insurance Company treated the Woods’ wall-to-wall carpeting, attached to Oak parquet flooring by tack strips, as “unscheduled personal property,” under Coverage C of the policy, and allocated the costs of protection ($450.00) equally between the dwelling coverage and the contents coverage. Since the contents coverage had been exhausted, this resulted in the appellants/plaintiffs, in effect, not recovering for one-half of the police protection costs, and the carpet which had a value of $4,825.00.
The insurance policy in question contained no mention of police protection. In response to plaintiffs’ request, the defendant admitted that police protection was ordered “at the suggestion of the defendant.” Evidence on this point consisted of a deposition of the adjuster and an affidavit of the plaintiffs’ neighbor. The adjuster testified that it was agreed that police protection was needed; that the purpose was to protect the property as a whole; and that he would recommend police protection over a long holiday weekend without reference to any valuable personal items in the house. The neighbor’s affidavit said that Mr. Woods expressed concern about the cost of the guards and the agent replied that it was all right, that he should not worry about it, “that the insurance company will pay for it.”
We think that the adjuster’s own testimony failed to conclusively demonstrate that the insurance company was justified in allocating one-half the cost for police protection to personal property. Additionally, the neighbor’s affidavit may in *1135 dicate that the company is estopped to deny coverage. Appellee/defendant insurance company having failed to conclusively demonstrate that no material issues remain for trial, the summary judgment on this issue must be reversed. Smith v. Avis Rent-A-Car, 297 So.2d 841 (Fla.2d DCA 1974).
On the next point raised by the appellants/plaintiffs, i. e., whether or not the carpeting in the case sub judice is realty and accordingly covered under the dwelling portion of the insurance policy, Coverage A, two factors must be considered. First, whether or not the carpeting was physically annexed to the realty, and if so; whether it could be removed without doing substantial damage to said realty. Next, the intention of the parties, i. e., the owner of the chattels and the insurance company who contracted with them for insurance coverage.
A review of the evidence upon which both parties moved for a summary judgment requires us to agree with the lower court and affirm as to its finding that the carpeting, under the circumstances involved in this case, be treated as personalty under the insurance policy issued by the appel-lee/defendant, Federal Insurance Company.
The carpeting was not the original floor covering, and was not installed over a bare concrete slab nor was it included as a part of the construction contract, but instead was a covering which could be removed without substantial damage to the realty and still leave a permanent flooring underneath.
In the instant case, we are not concerned with those cases dealing with conflicting interests between landlord and tenant, vendor and vendee, creditor and debtor, carpeting subcontractors and general contractors, or other similar types of conflicting interests, but only with the question of insurance coverage under the terms of the policy involved in this case. The appellants/plaintiffs paid a premium on the dwelling coverage portion of their insurance coverage to protect the floor, and the floor was paid for by the insurance company. The contract is clear and unambiguous[1] and the appellants/plaintiffs were compensated for a “floor,” but we do not feel they should be compensated for two of them.
Affirmed in part and reversed in part.
GRIMES, A. C. J., and SCHEB, J., concur.

. Rigel v. National Casualty Company, 76 So.2d 285, 286 (Fla. 1954).