GRIMES, Acting Chief Judge.
This is an appeal from a summary judgment against a claim for the anticipatory breach of a lease on the ground that regardless of whether the lessee had breached the lease, the record showed that the lessors had not suffered any damages as a result.
In Kanter v. Safran, 68 So.2d 553 (Fla. 1953), our supreme court approved the following measure of damages for the recovery for the anticipatory breach of a lease:
“ . . . [W]hen a lessee repudiates his contract, a cause of action immediately arises in favor of the lessor for full damages, present and prospective, which were the necessary and direct result of the breach, the measure of which is the difference (reduced to present worth) between the rent fixed in the lease and the present fair rental value of the premises for the remainder of the term, together with such special damages as may have resulted from the breach. This is simply an application to lease contracts of the doctrine of ‘anticipatory breach’ in general contract law . .
The basis for the summary judgment entered in this case was that one of the lessors admitted in his deposition that the rental specified under the subject lease was lower than the present rental value for comparable premises and lower than the rental being charged by the lessors for most other offices in the same building. However, we think the court overlooked some equally significant testimony by the same witness who pointed out that the leased premises had been constructed to meet the exact requirements of the lessee and that there was very little likelihood of finding another tenant who would lease the space without substantial alterations having to be made. He explained that if it is necessary to specially design the office space to meet a lessee’s requirements, the extra expenses would have to be recouped during the term of the lease by increasing the amount of the rental payments.
The present state of the record does not conclusively show that the lessors will be *161 unable to prove any damages. Therefore, the movant failed to carry its burden of demonstrating that no material issues remain for trial. Visingardi v. Tirone, 193 So.2d 601 (Fla.1966); Smith v. Avis Rent-A-Car System, Inc., 297 So.2d 841 (Fla. 2d DCA 1974).
REVERSED.
SCHEB and OTT, JJ., concur.