Gunther, Judge,
dissenting.
I respectfully dissent. In my view, this case involves the impermissible stacking of inferences by White. See generally Nielson v. City of Sarasota, 117 So.2d 731 (Fla.1960). In addition to the pertinent facts recited in the majority opinion, other pertinent facts include White’s statement that after being hit, he stood up, surveyed a 10 inch area around his feet and saw several concrete cores in this 10 inch area. Although White specifically denied looking outside this 10 inch area, other witnesses testified that the accident scene was littered with various types of construction debris.
The undisputed evidence in this case shows that White’s injuries were caused by an unknown object hitting him on the head. What object hit White, why or how White was hit and what or who caused the object to hit White is not revealed by the evidence. Furthermore, it is clear from the evidence in this case that the answers to these questions are unobtainable through additional discovery or any other means. Since several equally reasonable inferences concerning the ultimate issues in this case can be drawn from the undisputed evidence, I conclude that White’s cause of action is founded upon the impermissible stacking of inferences.
The ban against the impermissible stacking of inferences has been applied to affirm a lower court’s granting of a summary judgment. Byrd v. Leach, 226 So.2d 866 (Fla. 4th DCA 1969), Bates v. Winn-Dixie Supermarkets, Inc., 182 So.2d 309 (Fla. 2nd DCA 1966). Since the facts of this case are undisputed, and are insufficient, as a matter of law, to support a jury ver-diet in favor of White the trial court properly granted summary judgment in favor of Dolphin and Am-Sprad. See Fla.R.Civ. P., Rule 1.510(c), Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982).
Accordingly, I would affirm the summary final judgment entered by the trial court in favor of Dolphin and Am-Sprad.