PER CURIAM.
Teodoro Martinez appeals from an order of the trial court granting summary judgment in favor of Peoples Gas System, Inc., Lykes Energy, Inc., and Willie Lee Dixon. For the following reason, we reverse.
The trial court erred in entering summary judgment because a genuine issue of material *196 fact remains in dispute. Defendants filed one affidavit in support of their motion for summary judgment. In that affidavit, a witness averred that Martinez “walked into the side” of the truck. However, the same witness had previously stated, in her deposition testimony, that the first time she saw Martinez was “right when the truck hit him.” It is unclear from the record whether Martinez darted out into the street or merely stood at the side of the street, waiting to cross, when he was hit. This distinction is material. Bell v. A.A. Holiday Rent-A-Car, 304 So.2d 535, 536 (Fla.3d DCA 1974) (motorist is not an insurer of the safety of a pedestrian who thrusts himself into the vehicle’s pathway). Defendants have not met their burden of proving the absence of a genuine issue of material fact. Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966). We reverse the order granting summary judgment.
Reversed and remanded.