**H. W. CONNELL v. EDWIN A. PETRI**

30 So. (2nd) 922                                        June Term, 1947
June 3, 1947                                        Special Division A
Rehearing denied June 23, 1947

*Will O. Murrell,* for appellant.
*Osborne, Copp & Markham,* for appellee.

HOLT, Associate Justice:

Carolyn Connell, thirteen years of age, was killed by defendant in the operation of his automobile, on the 12th day of April, 1946, on U. S. Highway No. 17, just north of the city limits of Jacksonville, Florida, said highway being thirty-three feet in width.

The record discloses that the deceased, in the company of another girl, crossed the Seaboard Railroad tracks, located directly west of said road, on her way to the highway to await the arrival of the school bus, which they were to board, for the purpose of attending school that day. It was after 8:00 o'clock in the morning, and the weather was clear and dry. As the two girls arrived at the highway, deceased ran across it and while she was attempting to negotiate it she was struck by the defendant's car.

At the trial of the cause, after all the testimony of the plaintiff was in, the court indicated that he would take the case away from the jury on the ground that the deceased was guilty of contributory negligence. Whereupon counsel for appellant asked for a non-suit and a bill of exceptions, from which he now appeals to this Court. So the question before us is whether the testimony was of such character as would support the ruling of the lower court or whether it was a matter for the jury to decide.

U. S. Highway No. 17 is the main artery of travel to the north from Jacksonville. Visibility was good. The girl did not look to the south, (although there is a slight conflict on this), from which direction the appellee was traveling, and his efforts to stop were disclosed by skid marks on the road of eighty-eight feet in length before striking the child and then a

continuance of the same for a length of thirty-two feet after the impact. The engineer of a Seaboard passenger train, travelling in the same direction as appellee's car, was the only eye witness to the accident. His testimony discloses that his train was travelling between forty-five and fifty miles per hour, and appellee's car, when he first noticed it, was to his rear but was gaining on him rapidly and, at the time of the accident, they were approximately even. This indicates that the speed of appellee's car was much greater than that of the train and that at the least he was travelling at a rate of sixty to seventy miles per hour. This is confirmed by the testimony of the bridge tender of the Trout River bridge of the railroad, who said that the car of the appellee just prior to the accident and a short distance south of the location of the same, passed him at a speed of more than sixty to seventy miles per hour. The mathematical table mentioned in the argument as to the speed in which a car should stop, having good brakes, cannot be relied upon too strongly, since there is nothing in the record to indicate whether the car involved did have good brakes and, if so, whether they were operating properly at the time of the accident. One can never say conclusively from skid marks alone the exact speed of the particular vehicle involved, because so many human and mechanical factors enter into the situation to make it fallible, to say the least.

We think the case turns on whether the appellee should have been put on notice that children were on the highway at that time of the morning, preparatory to attending school. The school bus was only a short distance to the north, proceeding south and picking up the children on the way. In this particular instance the children were supposed to be waiting on the west side of the road to board the bus. Appellee strongly contends that the school children were probably on the road north of the accident but there were none to the south of the point of the tragedy. While there is a paucity of evidence in the record on this point, yet we find it uncontradicted in the testimony of the engineer of the train, as well as that of the bridge tender, that children were "all up and down the highway." That children were on the highway to the south of the accident would be in accordance with the logic of

the situation, since the bus, as heretofore noted, was travelling south, picking up its school passengers.

This factor alone should have been of sufficient import to place a reasonably prudent driver upon notice to exercise due care in the operation of his vehicle. This condition of fact being true, the speed of the car should have been reduced from that at which it was travelling to meet exigencies that might arise such as the one before us in this case. White v. Hughes, 139 Fla. 54, 190 So. 446.

The conduct of children cannot be measured by the same gauge as applies to adults, especially when two or more are together, and this has long been recognized by the authorities. In Bagdad Land & Lumber Co. v. Boyette, 104 Fla. 699, 140 So. 798, this Court said:

"Children are necessarily lacking in the knowledge of physical causes and effects which is usually acquired only through experience. They must be expected to act upon childish instincts and impulses, and must be presumed to have less ability to take care of themselves than adults have. Therefore, in cases where their safety is involved, more care is demanded than toward adults, and all persons who are chargeable with a duty of care and caution toward them must consider this and take precautions accordingly."

Jacksonville Electric Co. v. Adams, 50 Fla. 429, 39 So. 183, 7 Ann. Cas. 241; Union Pacific Ry Co. v. McDonald, 152 U. S. 262, 14 S. Ct. 619, 38 L. Ed. 434, 441; 5 Am. Jur., p. 767, Sec. 470. See also 1 Blashfield Cyclopedia of Automobile Law, p. 630, Sec. 1, and cases therein cited.

For contributory negligence to be a bar to recovery, it must be the proximate cause of the injury sustained. See ACL R. R. Co. v. Webb, 112 Fla. 449, 150 So. 741.

A charge and instruction directing a verdict for the defendant should never be given unless it is clear that there is no evidence whatever adduced that could in law support a verdict for the plaintiff. George E. Wood Lumber Co. v. Gipson, 63 Fla. 316, 58 So. 364; Florida Motor Lines, Inc., v. Newsham, 101 Fla. 1073, 136 So. 254.

The authorities so heavily relied upon by appellee relating to children suddenly and unexpectedly running into a street or

thoroughfare without notice in front of approaching vehicles are not applicable here. Magee v. Friedrickson, 91 Fla. 1078, 109 So. 197; Stover v. Stovall, 103 Fla. 284, 137 So. 249; Robb v. Pike, 119 Fla. 833, 161 So. 732; Stephen Putney Shoe Co. v. Ormsby's Admr., 129 Va. 297, 105 S.E. 563; Swetzoff v. O'Brien, 226 Mass. 438, 115 N.E. 748; Zoltovski v. Gzella, 159 Mich. 620, 124, N.W. 527, 26 L.R.A. (N.S.) 435; Florida Motor Transportation Co. v. Hillman; 87 Fla. 512, 101 So. 31.

For the reasons stated, we conclude that the testimony before us presents a question for the jury to decide, and the order of the lower court is reversed, with instructions to proceed in accordance with our views as expressed herein.

Reversed.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.