WOODROW MELVIN, Associate Judge.
Marshall Gilreath and his mother, Florrie L. Nalle, recovered damages in their suit against The Jacksonville Journal Company, a Corporation, because of injuries received by young Gilreath (age 14 years at time of the accident) when he fell from a moving truck owned by the defendant and driven by its employee, C. M. Perryman. The defendant appeals and seeks reversal of the Judgment entered by the trial Court.
Gilreath was one of three youths riding upon the truck at the time of the accident. The other boys were Billy Rinehart, age 14 years, and Sammy Simmons, age 15 years. The three boys were employed by defendant as delivery boys, collectors and solicitors, each having a route for delivery of the paper published by defendant. No question as to the applicability of the Workmen’s Compensation Act, F.S.A. § 440.01 et seq. to the situation here presented has been raised. To facilitate their work, the Defendant furnished transportation in a panel truck with one seat, in the cab, with conventional type body and a partition between the cab and the body. A black canvas ex *867 tended over the top of the body and down the sides with no windows on either side, but there was a small plastic window in the rear of the cab. A tail gate was located at the lower rear end of the truck body. The only means of entering or leaving the truck body was to climb over the tail gate.
The record reveals that on the night of November 7, 1956, the driver Perryman had in separate stops picked up the three newspaper boys and was driving down the street. Simmons was sitting on the front seat with the driver. Rinehart and Gilreath were located inside the truck sitting on the floor of the truck body. Plaving traveled but a short distance, the driver stopped the truck to permit Simmons to get out of the cab and into the truck body with Gilreath and Rine-hart. The night was very dark. There were no lights in the cab or the truck body. The driver could not see through the rear plastic window into .the body of the truck.
When the truck stopped for Simmons to change positions, Gilreath, who had noticed that the tail gate was loose, placed himself on the bumper and body of the truck, and was trying to reinsert a tail gate pin that had come out of its slot, on some earlier occasion.
After Simmons entered the truck body, he knocked on the rear plastic window and called to the driver “okay”. Although the knock was not a prearranged signal, the driver testified that “most of the boys knocked on the window”. At this moment, the driver placed the truck in forward motion without giving any signal or warning to his passengers. Gilreath was thrown to the pavement and injured. Although the testimony is conflicting, there is evidence to the effect that the truck lunged forward, thus causing Plaintiff to lose his balance, and to be injured.
The record contains testimony that on other occasions the driver had admonished the boys about playing in the back of the truck. Simmons testified “He told us that if we wanted to keep our routes and all, we would have to quit cutting up in the back of the truck”. Also the record reflects the testimony of the driver as follows:
“Q. Mr. Perryman, isn’t it true many times, or at least sometimes in the past, these boys had gotten out of the truck sometime in the past and you had to reprimand them or not?
“A. Yes.”
Negligence is the failure to exercise due care under the circumstances. A person is negligent if he does something that a reasonable and prudent person would not ordinarily have done under the same or similar circumstances. A person is also negligent if he fails to do that'which a reasonable and prudent person would have done under the same or similar circumstances. So it is that the amount of care which a person is required to exercise depends in a large measure on the extent to which his conduct may involve a risk of harm to others. As the likelihood that others may be injured increases, the amount of care which should be exercised also increases. Acts that might be considered prudent in one case might well be negligent in another. Negligence is a relative term and its existence must depend in each case upon the particular circumstances which surround the parties at the time and place of the events upon which the controversy is based.
 The driver, Perryman, knew that he had in his care a lively group of youngsters and that he could not expect them to conduct themselves with the same measure of prudence as might reasonably be expected of adults. Under the circumstances of this case, the driver was charged with the duty of exercising reasonable care and caution for the safety of the newsboys in his truck and to take reasonable precautions for their safety before placing the truck in motion. See Connell v. Petri, 159 Fla. 67, 30 So.2d 922, text 923. The night was dark, the driver could not see, and didn’t know whether the three youngsters were standing up, kneeling down, sitting on the floor or *868 leaning out of the back of the truck when he, without giving any notice of his intention so to do, placed the motor in gear and caused the truck to lunge forward. The jury considered such acts on the part of the driver to be negligent, that such negligence was the proximate cause of the injuries suffered by Marshall Gilreath, and rendered verdicts accordingly. The learned trial judge approved the findings of the jury. So do we.
Appellant further complains that the trial judge erred in refusing to charge the jury its Requested Charge No. 6. In this regard, the trial Court did not commit error. The general charge, as given by the Court, fairly stated the law with reference to the issues joined.
It follows that the judgment in this case is affirmed.
WIGGINTON, Acting Chief Judge, and CARROLL, DONALD K., J., concur.