117 So.2d 29 (1960)
E.H. RUSSELL and His Wife, Irene Russell, Appellants,
v.
JACKSONVILLE GAS CORPORATION, a Corporation, Appellee.
No. B-176.
District Court of Appeal of Florida. First District.
January 5, 1960.
*31 George A. Pierce and Carl G. Swanson, Jacksonville, for appellants.
Howell, Kirby, Montgomery & Sands, Jacksonville, for appellee.
WIGGINTON, Chief Judge.
Plaintiff has appealed from a final judgment entered upon an order of involuntary non-suit. The error assigned is the trial court's announced intention at the conclusion of plaintiff's evidence to direct a verdict for defendant on both counts of the complaint.
Plaintiff's complaint sought damages for injuries sustained from an explosion which occurred in a gas range which she had purchased from defendant and which defendant had later undertaken to repair. The first count of the complaint is based upon an alleged breach of express warranty and the second count upon the theory of negligence in failing to properly repair the range in accordance with defendant's undertaking.
Plaintiff entered into a contract whereby she purchased a gas range from defendant gas company. Under the terms of the agreement, the gas company was to install the range and furnish gas for its use. Shortly after the gas appliance had been installed in plaintiff's home, it developed a malfunction in the control knob of the oven which was called to the defendant's attention. It appears that the control knob on the oven was working hard and defendant undertook to repair it on the request of plaintiff. Upon the completion of the repair job, plaintiff was told by an employee-repairman of defendant that it was "all right", and that it was "all right for you to use it."
Shortly thereafter, plaintiff used the oven in the morning hours for baking, turning it off when she was finished. Later the same day, in the late afternoon, plaintiff again attempted to use the oven. She struck a match, opened the oven door, and as she attempted to light it an explosion occurred, injuring plaintiff. It is not clear whether plaintiff turned the oven on immediately prior to the explosion.
Subsequent to the explosion, an employee of defendant gas company stated to plaintiff "Mrs. Russell, there is a little knob on the thermostat that cuts the gas off and as far as I know that knob broke off, and when you turned the oven off it probably went past where it was supposed to be off and cut the gas back on again" and further "it wouldn't have happened again, maybe in a hundred times, but it was defective and that is what caused it." The clear inference to be drawn from this testimony is that when plaintiff turned the control knob of the oven to the "off" position, the defective mechanism permitted gas to seep into the oven, which caused the explosion when plaintiff attempted later in the day to again light the oven for use.
Plaintiffs rested their case, and upon the trial court indicating its intention to grant a directed verdict in favor of defendant corporation, plaintiffs took a non-suit.
*32 Inasmuch as the facts are not in dispute, the sole question presented for our consideration on the issue of defendant-appellee's negligence is whether the trial court erred by clearly indicating that it was going to direct a verdict against plaintiff-appellants, thus forcing them to take an involuntary non-suit. It is well established in this jurisdiction that if, as in the case at bar, the facts are not in dispute and the evidence and inferences that a jury may lawfully deduce therefrom do not as a matter of law establish or tend to establish the cause of action, a verdict should be directed for the moving adverse party, subject to the equally important rule that a verdict should never be directed for one party unless the evidence is such that no view that a jury may lawfully take of it favorable to the adverse party can be sustained under the law.[1] In short, even in cases where circumstantial evidence is relied upon, if the circumstances are susceptible of a reasonable inference or inferences which would authorize recovery, and are also capable of an equally reasonable contrary inference or inferences, a jury question is presented.[2]
In accordance with these general rules, it is the duty of the trial court to determine in the first instance whether or not there is any evidence tending to prove the issue of negligence.[3] Negligence is the doing of something that a reasonable and prudent person would not ordinarily have done under the same or similar circumstances, or the failure to do that which a reasonable and prudent person would have done under the same or similar circumstances. As the likelihood that others may be injured increases, the amount of care which should be exercised also increases.[4] Therefore, once the relationship which gives rise to the duty to exercise care is established, it usually becomes a question for the jury to determine whether care commensurate with the circumstances was exercised in fact.[5]
In the case at bar, defendant gas corporation undertook to sell, install, and repair a gas range. Whether it exercised due care in repairing the control knob without investigating the thermostat which was a part of this control mechanism was a question for the jury. Whether the gas company, in the proper discharge of such duty, would or should have detected the defective thermostat and repaired it, thereby obviating the ensuing explosion, was likewise a jury question. Under these circumstances, it is a question of fact as to whether one who sells, installs and repairs a gas range has exercised due care in repairing an appliance capable of violent malfunctions. Our Supreme Court has early recognized that the use of a dangerous agency requires the exercise of care commensurate with the nature and uses of the agency and the conditions and circumstances under which it is operated and utilized.[6]
In conclusion, it appears that plaintiffs' evidence, and the reasonable inferences which the jury might have drawn therefrom, present an issue of fact as to whether the defendant's employee-repairman knew, or by the exercise of reasonable diligence should have known, that by his act of repairing the control knob, or by his failure to fully investigate and repair it completely, it was likely to cause injury to another. On this state of the record, the trial court erred in announcing its *33 intention to direct a verdict for defendant on the negligence count of the complaint.
We have carefully reviewed the evidence with respect to the count of the complaint alleging a breach of express warranty and agree with the trial court that plaintiff's proof fell far short of sustaining this count of the complaint.
The judgment appealed from is reversed and the cause remanded for a new trial on the second count of the complaint.
STURGIS and CARROLL, DONALD K., JJ., concur.
NOTES
[1] Schutzer v. City of Miami, Fla.App. 1958, 105 So.2d 492; Bruce Const. Corp. v. State Exchange Bank, Fla. 1958, 102 So.2d 288.
[2] Voelker v. Combined Ins. Co. of America, Fla. 1954, 73 So.2d 403; Byers v. Gunn, Fla. 1955, 81 So.2d 723.
[3] Stolmaker v. Bowerman, Fla.App. 1958, 100 So.2d 659.
[4] Jacksonville Journal Co. v. Gilreath, Fla.App. 1958, 104 So.2d 865; 38 C.J.S. Gas § 47(d), p. 751.
[5] Jacksonville Journal Co. v. Gilreath, see Note 4.
[6] Carter v. J. Ray Arnold Lumber Co., 1922, 83 Fla. 470, 91 So. 893.