### RUSSELL, et ux v. JACKSONVILLE GAS CORPORATION.

No. 26662-L.

Circuit Court, Duval County.

June 27, 1960.

George A. Pierce and Carl G. Swanson, both of Jacksonville, for plaintiffs.

William Howell of Howell, Kirby, Montgomery & Sands, Jacksonville, for defendant.

WILLIAM H. MANESS, Circuit Judge.

Upon consideration of plaintiffs' motion for a new trial, and the argument and brief of counsel in support thereof, this court has concluded that such motion should be denied.

Also before the court at this time is defendant's praecipe for taxing costs wherein defendant seeks to have included the sum of $294.60 which was paid by defendant to plaintiffs in accordance with the mandate of the District Court of Appeal, First District, following the opinion of that court reversing the decision of this court and ordering a jury trial on the disputed issues of fact herein. (See 117 So. 2d 29.) Plaintiffs' first objections to the taxing of costs filed April 20, 1960 did not object to this item but subsequent objections filed June 13, 1960 (after argument on said motion but with leave of court this day granted) do raise this point.

The question now before this court is whether the costs incurred and paid by a party-defendant in unsuccessfully defending a favorable ruling in the trial court may, after losing the appeal but winning a favorable jury verdict upon a new trial, still recover such costs from plaintiff upon final disposition of the cause by the entry of judgment in its favor?

While it is unfortunate that the trial court erred in its ruling that prompted the necessity of plaintiffs' successful appeal before final disposition of the issues by a jury verdict, the responsibility therefor is that of the trial judge and not the defendant. Therefore, it is no more just to impose the taxable costs up to that point on the defendant than upon the plaintiffs, on whose behalf the jurisdiction of the court was first invoked to bring the defendant to account for its alleged wrongs to plaintiffs. The

law (section 58.07, Florida Statutes 1957) provides that the party recovering the judgment "shall recover *all* his legal costs and charges" and this court is of the opinion that "all" includes the costs of an unsuccessful appeal where the final judgment is recovered notwithstanding such unsuccessful appeal.

Accordingly, it is ordered and adjudged that said motion for a new trial should be, and the same is hereby, denied and judgment shall be entered for defendant on the jury verdict heretofore rendered herein and shall include judgment for defendant against plaintiffs for its costs herein taxed at $404.10, for which let execution issue.