LILES, Judge.
Appellants, plaintiffs below, appeal from a summary final judgment rendered by the trial court below in favor of appellees-defendants Pyrofax Gas Corporation and Jerry Ray Smith.
Plaintiffs were guests in a vacation cottage owned by their friend, Dr. R. Charles Smith. While staying in the cottage, they were overcome by gas fumes from a propane gas heater. Plaintiffs subsequently brought suit against Pyrofax Gas Corporation, Jerry Ray Smith and others seeking damages allegedly suffered as a result of gas fume inhalation. Appellees moved for a summary judgment on the basis of the pleadings, depositions and affidavits filed in the case. Upon a hearing, the trial judge granted appel-lees’ motion and entered judgment in their favor. We find error and reverse.
The gist of plaintiffs’ theory of recovery against appellees was the alleged negligence of Smith as an employee of Pyrofax Gas Corporation in connecting a supply of gas to the heater in the cottage. Plaintiffs alleged that Smith knew or should have known that the heater was improperly installed but nevertheless negligently connected gas to the heater. Appellees’ answer denied such negligence.
The heater was apparently purchased from and installed by persons other than the 'appellees. Pyrofax Gas Corporation was contacted to connect gas to the heater and render it operative. The appropriate work order was issued to Smith. According *35 to bis deposition, Smith went to the cottage, and, upon his request for lighting instructions, was furnished with a box containing the “instruction kit,” two pieces of vent pipe for the heater, asbestos gaskets for installing the vent pipes, and a set of instructions. Smith said he read part of the instructions, made the connection to the gas supply, turned on the gas for an undetermined time, checked for leaks via the “soap and water” test, turned off the gas, and left. Smith stated that he did not ■check to see if the heater was properly vented. In order to do this, he said, it would have been necessary either to remove the heater from the wall to which it was connected by four screws or to remove the flue box from the outside wall. Smith stated that where a heater is already installed, “ * * * we assume that it is properly vented.” Smith admitted seeing the ventilation pipe in the box given him hut thought it was left over from the installation.
After plaintiffs were overcome by gas fumes, it was discovered that the heater was improperly vented.
 It has been held that a distributor of natural gas is required to exercise a degree of care commensurate with the dangerous character of that which he is handling. Farber v. Houston Corp., 150 So.2d 732 (D.C.A.Fla.1963). The same has been said of butane gas. See, e.g. Ambriz v. Petrolane, Ltd., 49 Cal.2d 470, 319 P.2d 1 (1957), and cases cited therein. The pleadings and depositions filed in this case show a material issue of fact exists as to whether appellees exercised such due care in connecting their product to the heater and whether appellees, in proper exercise •of this duty, would or should have discovered that the heater was improperly vented. These are jury questions. Russell v. Jacksonville Gas Corp., 117 So.2d 29 (D.C.A.Fla.1960). The existence of the material fact issues disclosed by the record precluded the entry of summary judgment in favor of appellees. Holl v. Talcott, 191 So.2d 40 (Fla.1966).
In view of the foregoing, the judgment of the trial court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
ALLEN, C. J., and PIERCE,, J., concur.