JOHNSON, Judge.
This is an appeal from a summary final judgment in favor of the defendant in an automobile-pedestrian accident damage suit.
The trial court granted summary final judgment upon affidavits and depositions of the defendant and one eyewitness and some photographs submitted by the highway patrol officer.
*43 It appears from these affidavits, depositions and pictures, along with testimony of the highway patrolman, that the accident happened near a shopping center on U. S. 90 on the west side of Milton, Florida.
The defendant’s deposition admitted there was no traffic in front of her nor any obstruction to block her view for quite some ways past the scene of the accident. She says she did not see the deceased until he was ten or twelve feet in front of her. The affidavit and depositions of the witness Baxley, filed in support of the motion for summary judgment, also admitted there was no traffic in front or by the defendant nor any obstruction to block her view. The most damaging element of his affidavit, as far as the plaintiff is concerned, is the fact the deceased was walking fast. This same affiant, however, stated that he saw the deceased as well as another person on the side of the road quite some distance ahead of him, and apparently before the deceased started across the road.
It appears clear that there was no reason why the defendant couldn’t have seen the deceased earlier, and neither is there any thing in support of the motion for summary judgment to indicate why the defendant did not see the deceased earlier.
Our Supreme Court has held for many years that an automobile is a dangerous instrument and that the driver thereof is charged with the responsibility of having his vehicle under control at all times, commensurate with the circumstances and the locale.[1]
In passing on a motion for summary judgment, the law is well settled, that the facts in evidence and all reasonable inferences arising therefrom must be taken as true and indulged in favor of the party against whom the summary judgment is prayed and against the movant.[2]
Inasmuch as there does appear to us that from the affidavits and depositions, there is a question of negligence on the part of someone, with emphasis upon why the defendant failed to see the deceased, we are of the opinion and so hold, that this became a jury question, and the trial court erred in granting the motion for summary judgment.
The judgment appealed from is reversed and said cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
SPECTOR, J., concurs.
WIGGINTON, C. J., dissents.

. Nelson v. Ziegler, 89 So.2d 780 (Fla.1956).

. Harding v. American Universal Insurance Company, 130 So.2d 86 (Fla.App.1st, 1961).