237 So.2d 548 (1970)
George Anthony SKROH, As Administrator of the Estate of Anthony George Skroh, Deceased, Appellant,
v.
Roy Lee NEWBY, Wade H. Cobb, Individually and As Sheriff of Santa Rosa County, Florida, and Joe E. Davis, Appellees.
George Anthony SKROH, Appellant,
v.
Roy Lee NEWBY, Wade H. Cobb, Individually and As Sheriff of Santa Rosa County, Florida, and Joe E. Davis, Appellees.
Nos. K-408, K-409.
District Court of Appeal of Florida, First District.
May 26, 1970.
On Rehearing July 23, 1970.
*549 Levin, Askew, Warfield, Graff & Mabie, Pensacola, for appellant.
Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellees.
CARROLL, DONALD K., Acting Chief Judge.
In two consolidated negligence actions, the plaintiff has appealed from two final judgments entered by the Circuit Court for Santa Rosa County in favor of the defendants Cobb and Davis.
The principal question presented for our determination in this appeal is whether the evidence adduced at the trial was sufficient to submit to the jury for its determination the question as to whether the defendants were racing at the time of the collision involved here.
The first of these two negligence actions was filed by the plaintiff in his individual capacity for the wrongful death of his son, Anthony George Skroh. The second action was filed by the plaintiff in his capacity as the administrator of his son's estate.
In his two complaints against the three defendants the plaintiff alleges that the defendant Roy Lee Newby, a deputy sheriff of Santa Rosa County, skidded his patrol car into the rear of a motorbike operated by the plaintiff's son; that the defendant Joe E. Davis, another deputy, at the time of the collision was racing with Newby in another patrol car; and that the defendant Wade H. Cobb was the Sheriff of Santa Rosa County and owned as an individual the said two patrol cars.
At the trial motions for directed verdict were made by all of the defendants, and a directed verdict was granted by the court as to the defendant Davis only. The jury returned verdicts for the plaintiff in both cases against the defendants Newby and Cobb. Thereafter the trial court entered a judgment notwithstanding the verdict in favor of the defendant Cobb and then entered a final judgment for Cobb and Davis *550 in each case. It is from these two final judgments that this appeal is taken.
The undisputed evidence at the trial established that at about 7:55 p.m. of the evening in question, the plaintiff's 17-year-old son was proceeding easterly on his motorbike on U.S. Highway 90 in Santa Rosa County, on a four-lane divided road, going toward his home. He was in the left lane slowing down near the left turn toward his home. The weather was clear and dry and the highway was in good condition. Newby, driving Cobb's automobile also in an easterly direction, skidded into the rear of the motorbike, laying down what the plaintiff calls in his briefs "the almost unbelievable skidmarks of 343 feet 9 inches in length." and "the longest skidmarks we ever heard of. * * *" A traffic accident analyst testified that Newby's car just before the collision was travelling at the minimum rate of upwards of 90 miles an hour.
The foregoing evidence was, of course, more than ample to support a reasonable conclusion by the jury that the defendant Newby was guilty of negligence proximately causing the death of the plaintiff's son, so the trial court properly rendered a judgment against Newby, based upon the jury verdict.
As to the liability of the defendant Davis, the juridical problem is much more complex, because of the fact that the automobile driven by Davis did not collide with the plaintiff's son's motorbike.
The plaintiff's theory concerning the liability of Davis is revealed in the plaintiff's first point on appeal: "Where the evidence establishes that defendant Newby was exceeding 90 miles per hour on a four-lane divided highway, and skidded into collision with a motorbike, and that he and defendant Davis in a second car had started off together, stayed together and maintained a proximity of about a car length, and defendant Davis remained ahead of Newby at the time of the collision, and there was no other traffic and the defendants were `just patrolling' at night, is plaintiff not entitled to allow the jury to infer that the defendants were racing?" There was evidence at the trial as recited in this point on appeal, and, that being so, we think that the jury could have reasonably concluded from that evidence that Newby and Davis were racing at the time of the collision, and that question of racing was a question of fact to be submitted to the jury for its determination.
While no Florida case has been found directly passing upon this problem, our attention has been called to an annotation in 13 A.L.R.3rd, pages 431 to 440, entitled "Liability of Participant in Unauthorized Highway Race for Injury to Third Person Directly Caused by Other Racer." In this annotation the writer cites cases from seventeen state jurisdictions as authority for the rule that "participation in an unauthorized automobile race has been held or recognized, expressly or by necessary implication, to constitute negligence proximately causing an accident, and rendering the participant liable for resulting damages, notwithstanding the fact that the accident involved directly only the other participant, or participants, in the race." This rule seems to us to be consistent with the decisional law and public policy of the State of Florida.
In the case at bar, in our opinion, it was a question of fact to be determined by the jury as to whether Davis was racing at the time of the collision and hence liable for the death to the plaintiff's son.
As to the liability of the defendant Wade H. Cobb, that liability is founded upon the dangerous instrumentality doctrine, which has long been a part of the jurisprudence of Florida.
Under that doctrine the rule has become thoroughly established in this state that "the owner of an automobile who entrusts it to another is liable for an injury caused to a third person by the negligence *551 of the person to whom he has entrusted it, no matter where the driver goes." 3 Fla. Jur., Automobiles and Other Motor Vehicles, sec. 152, p. 639. (See the numerous Florida decisions cited for this proposition in the said section and the succeeding section.)
In his amended complaint in both cases the plaintiff alleges that on the date in question the defendant Cobb "individually and as sheriff of Santa Rosa County, Florida, owned and operated a 1965 Chevrolet automobile bearing 1965 license number 815, by and through his deputy sheriff, defendant Roy Lee Newby." In his answer Cobb admitted this allegation in his answer "except that the vehicle involved in the collision sued upon was a 1966 Chevrolet." This admission in the pleadings and the evidence at the trial established the fact that Cobb owned the automobile at he time it was driven by Newby into the motorbike of the plaintiff's son and that the automobile was being operated by Newby with the knowledge and consent of Cobb.
The juridical problem with regard to the liability of the defendant Cobb is complicated by the fact that the plaintiff alleges in his complaints (and Cobb admitted in his answer) that the automobile that struck the plaintiff's son was owned and operated by Cobb "individually and as sheriff of Santa Rosa County, Florida * * *" through his deputy sheriff Newby. Under this allegation Cobb could be held liable if the proof showed he was the owner in either or both capacities, although Section 30.07, Florida Statutes, F.S.A., would have to be considered in connection with the question of the liability of Cobb as a sheriff. That section provides in pertinent part that sheriffs may appoint deputies, "for the neglect and default of whom in the execution of their office the sheriff shall be responsible." This statute need not be considered, however, in the present posture of this case, because the allegation that Newby's car was owned by Cobb in his capacity as sheriff became surplusage when the evidence established that he owned the car in his individual capacity.
The judgment notwithstanding the verdict which was entered in favor of the defendant Cobb was, we think, improvidently entered because of the rule established in Florida that the granting of such a judgment "holds that one side of the case is essentially devoid of probative evidence." Smith v. Peninsular Insurance Co., 181 So.2d 212 (Fla.App. 1966). We cannot say here that the plaintiff's side is essentially devoid of probative evidence against Cobb in his individual capacity.
For the foregoing reasons the judgments appealed from herein should be, and they are, disposed of as follows: that part of the judgment denying Newby's motions for new trial and judgment notwithstanding the verdict is affirmed; the judgment notwithstanding the verdict in favor of Cobb is reversed and this cause is remanded with directions to enter a judgment against Cobb in accordance with the jury verdict; and the judgment for Davis is reversed and this cause is remanded with directions for further proceedings consistent with the views hereinabove set forth.
It is so ordered.
SPECTOR, J., concurs.
WIGGINTON, J., specially concurs.
WIGGINTON, Judge (specially concurring).
I concur in the opinion authored by Judge Carroll. With regard to that portion of the opinion which holds that the trial court erred in directing a verdict in favor of appellee, Joe E. Davis, attention is invited to this court's decision in the case of Jacobs v. State (Fla.App. 1966) 184 So.2d 711. In the cited case Jacobs was criminally charged with the offense of manslaughter, was convicted, sentenced, and appealed his conviction to this court for review. The facts were that Jacobs and a *552 friend of his were racing their motor vehicles on a public highway, in the course of which the vehicle driven by Jacob's friend struck another vehicle being driven by an innocent third party, instantly killing both drivers. Jacobs took the position that he was not guilty of the offense charged because his vehicle was in the lead during the race at the time when the vehicle driven by the other participant struck the innocent motorist. Since Jacob's vehicle did not come in contact with the third vehicle or cause the collision between it and the other participant engaged in the race, Jacobs insisted that he could not be adjudged guilty. In considering the matter, this court held that both Jacobs and his friend with whom he was racing were engaged in the unlawful act of operating their vehicles on the highway at an excessive rate of speed while engaged in an unauthorized race between themselves and, therefore, the criminal act which resulted in the collision of the vehicle driven by one participant with the vehicle driven by an innocent motorist became the act of both participants and both were equally guilty of the criminal offense of manslaughter. If the rule of law pronounced in the Jacobs decision is sound, then it must follow that both participants in that race were equally guilty of civil negligence and equally responsible in damages to survivors of the deceased innocent motorist. Such rule of law supports the holding of this court in the case sub judice with regard to the verdict directed in favor of appellee Davis, and conforms to decisions rendered by courts of other states dealing with the same subject.

ON PETITION FOR REHEARING GRANTED
CARROLL, DONALD K., Acting Chief Judge.
The defendants-appellees have filed a petition for a rehearing of our opinion and judgment, filed on May 26, 1970, requesting this court to modify its directions therein so as to permit the trial court to entertain evidence on the question whether the vehicle driven by the appellee Roy Lee Newby "was owned by appellee Wade H. Cobb individually or was owned by the Santa Rosa County Sheriff's Department."
In their petition the appellees call our attention to portions of the record revealing that, after the jury was sworn, but before the taking of evidence commenced, both the plaintiff and the appellee Cobb moved the court for permission to amend their respective pleadings to point up more clearly the issue of the ownership of the said vehicle by Cobb either individually or in his official capacity. The court denied these requests. While evidence was being taken at the trial, the appellees proffered the title certificate of the said vehicle in order to show its ownership. The court refused to permit the introduction of this certificate in evidence. In our said opinion we relied heavily upon the fact that Cobb in his answer had admitted the allegation in the complaint that the said vehicle was owned by Cobb individually and as sheriff.
Under these circumstances we are not sure that Cobb has had his full day in court on the question of the ownership of the vehicle driven by Newby.
Following the trial of the cause Newby and Cobb filed motions for new trial and motions for judgment notwithstanding the verdict. As stated in our opinion, the trial court entered in Cobb's favor a judgment notwithstanding the verdict, so the court did not rule upon Cobb's motion for a new trial.
Under the foregoing circumstances it seems to us that justice under the law requires that Cobb be given a full opportunity to amend his pleadings on the critical issue of the ownership of the vehicle driven by Newby, as well as an opportunity of all parties to present evidence pertinent to that issue.
Therefore, our judgment as to Cobb as set forth in our opinion filed May 26, 1970, *553 should be, and it is, receded from and vacated, and that judgment as to Cobb shall be as follows: "the judgment notwithstanding the verdict in favor of Cobb is reversed and this cause is remanded with directions to consider and pass upon Cobb's motion for a new trial, as it may be amended by Cobb with respect to the above issue."
The appellees' said petition for rehearing is granted to the extent stated in the preceding paragraph, and the petition is otherwise denied. The remainder of our said opinion and judgment is adhered to.
WIGGINTON and SPECTOR, JJ., concur.