CARROLL, DONALD K., Judge.
The plaintiffs in a negligence action have appealed from a summary judgment entered *692 by the Circuit Court for Okaloosa County in favor of the defendants.
The ultimate question presented for our determination in this appeal is whether, at the hearing on the defendants’ motion for a summary judgment, there was no genuine-issue as to a material fact and the moving party is entitled to a judgment as a matter of law.
The key provision in our procedural rules governing the entry of summary judgments is found in-Rule 1.510, Florida Rules of Civil Procedure, 31 F.S.A., and provides that at the hearing on a party’s motion for a summary judgment, the judgment sought “shall be rendered forthwith if the pleadings, depositions, answers to interrogations and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”
In several decisions this court has pointed out that, under the above key provision, two conditions must exist before the moving party should be given a summary judgment: there must be no genuine issue as to any material fact; and the moving party must be entitled to a judgment as a matter of law. See, for example, Smith v. City of Daytona Beach, 121 So.2d 440 (Fla.App.1970).
The summary judgment appealed from recites that, at the hearing on the defendants’ motion for a summary judgment, the court received into evidence the depositions of George D. Noble, Jr., and Juanita M. Smith, considered these depositions and the argument of counsel for the plaintiffs and defendants, and found that there was no genuine issue as to any material fact.
The collision out of which the present cause of action arose took place on Beale Street in Okaloosa County, Florida, about 75 feet from an intersection.
In his said deposition George D. Noble, a 17-year-old boy, testified that on the date in question he was driving an automobile owned by his mother, the individual defendant Lyn C. Noble, in a northerly direction on Beale Street on his way to school, at approximately 20 to 25 miles an hour. No automobile was immediately in front of him, but there were automobiles approaching, one even with him and maybe two or three going toward him. Sitting with him in the right hand seat was Miss Juanita M. Smith, with whom he was going at the time. He did not know how far he was from the minor plaintiff, Kathy Park-hurst, when he first saw her. He did not have any “reaction” when he first saw her —she was standing on her side of the road. When he first saw her, he “let up on the accelerator a little bit,” but he did not at this point apply the brakes. When Kathy looked in the other direction and made a move he applied his brakes and he struck Kathy in the middle of the car. She was knocked forward and his car stopped short of her. He was aware that he was in the immediate vicinity of a school zone. He had travelled this road every day. It was not unusual for children to be on both sides of the road. He admitted that he could have seen Kathy “for quite a while, approaching.” He was “pretty sure” that he was in the school zone “or crossing — in the crossing.”
Miss Juanita Smith testified in her said deposition that immediately before the accident, while she was riding with George Noble, the radio was on in his car. A few small children are usually in the general vicinity at about the time in question. She spotted Kathy before he did. When George became aware of Kathy, he slowed down and let up on the accelerator but he did not apply the brakes. Kathy looked north and then ran into the road. There was no obstruction that would have kept George Noble from seeing Kathy “from some distance.”
In many decisions the courts of Florida have laid down rules applicable to the duties of the operator of an automobile driving near school grounds. These de *693 cisions are summarized in 3 Fla.Jur., Automobiles, Sec. 112, page 586, as follows:
“The driver of a motor vehicle is charged with knowledge that small children are erratic and unpredictable, often acting witnout any concern whatever for their own safety, and must be expected to govern himself accordingly when parking or driving about school grounds, recreation parks, residential communities, trailer parks, and other places inhabited by or frequented by children. He is expected to anticipate children about such places, and whether or not the motorist has exercised reasonable care in his driving is a question for the jury.”
See, for example, Connell v. Petri, 159 Fla. 67, 30 So.2d 922 (1947).
In the recent case of Gordon v. Lee, 220 So.2d 42 (Fla.App.1969), in which the defendant testified that she did not see the victim until within ten or twelve feet in front of her, we said:
“It appears clear that there was no reason why the defendant couldn’t have seen the deceased earlier, and neither is there anything in support of the motion for summary judgment to indicate why the defendant did not see the deceased earlier.”
In addition, in making our determination in the present appeal, we must look to the rules that have been laid down by our courts as governing the entry of summary judgments pursuant to the key provision of Rule 1.510, quoted earlier in this opinion.
One of these rules was recognized by the District Court of Appeal, Third District of Florida, in Holmes v. Forty-Five Twenty-Five, Inc., 133 So.2d 651 (1961), saying:
“Negligence cases are extremely troublesome due to the varied fact situations which they present. It has been held that where the case is extremely close on the question of negligence or contributory negligence, ‘doubt * * * should always be resolved in favor of a jury trial.' Bess v. 17545 Collins Ave., Inc., Fla.1957, 98 So.2d 490, 492.”
In the Bess case, just referred to, involving a summary judgment, the Supreme Court of Florida said:
“We feel this to be a case extremely close on the question of negligence and contributory negligence and in such cases the doubt thereon should always be resolved in favor of a jury trial.”
Finally, a cardinal principle governing the entry of summary judgments under our procedural rules is that all inferences deductible from the proofs are drawn against the moving party and in favor of the adverse party. For example, in Koplin v. Bennett, 155 So.2d 568 (Fla.App.1963), this court declared:
“It is axiomatic, of course, that summary judgment should not be be granted if there exists any controverted issue of material fact, and that all inferences of fact deductible from the proofs must be drawn against the movant and in favor of the adverse party. Harrison v. McCourtney, 148 So.2d 53 (Fla.App.1962); Card v. Commercial Bank, 119 So.2d 404 (Fla.App.1960); Majeske v. Palm Beach Kennel Club, 117 So.2d 531 (Fla.App.1959). It is also fundamental that when depositions or affidavits in support of a motion for summary judgment suggest factual conflicts or present a situation on which a finder of fact might properly draw varied conclusions from-the record presented, summary judgment may not be granted. Lewis v. Tyner, 125 So.2d 328 (Fla.App.1960); Fla.R.C.P. 1.36(c), 30 F.S.A.”
Examining the above two depositions, which were before the court at the hearing on the defendants’ motion for a summary judgment, we think, applying the foregoing rules and drawing the inferences in favor of the plaintiffs and against the defendants, that the jury could have rea *694 sonably concluded from the said proofs in favor of the plaintiffs on the issue of negligence, contributory negligence, and proximate cause. Therefore, the summary judgment for the defendants was improvidently entered and this cause is remanded with instructions for further proceedings consistent with the views hereinabove expressed.
Reversed and remanded with directions.
JOHNSON, C. J., concurs.
RAWLS, J., dissents.