OWEN, Judge.
In this automobile-darting child case, summary judgment was entered in favor of the owner and operator of the automobile.
The principles of law which are to be applied in considering a motion for summary judgment in the darting child cases of this type are well known in the abstract but are not always simple to apply in close factual situations. By way of example, compare the opinion of this court in Byrd v. Leach, Fla.App.1969, 226 So.2d 866, wherein summary judgment for the owner-operator of the motor vehicle was affirmed, with the opinion of the First District Court in Parkhurst v. Noble, Fla.App.1970, 238 So.2d 691, wherein the same principles of law are recognized as applicable but on slightly different facts the summary judgment for the owner-operator of the motor vehicle was reversed.
Mindful of these principles as summarized in the above cited cases, as well as the duty of care placed upon a motorist who sees or knows children are in the vicinity where the vehicle is being operated as recognized in this jurisdiction, Miami Paper Co. v. Johnston, Fla.1952, 58 So.2d 869; Fowler v. Midstate Hauling Co., Fla.App. 1964, 162 So.2d 278, reversed on other grounds, 176 So.2d 87; 7 Am.Jur.2d, Automobiles & Highway Traffic, § 441, we review briefly the controlling facts of this case.
Division Street runs north and south in a residential area in Orlando. Although paved and curbed, the street is narrow with only one traffic lane in each direction and no parking lanes. Vehicular traffic, when completely within a driving lane, is necessarily within a few feet of the curb.
At 9:30 in the morning on a clear, sunny day Mrs. Mackey and her three young children, ages 4, 3, and 2, were walking south along the east side of Civision Street on their way home from the neighborhood grocery store. Mrs. Mackey’s home was on the west side of Division Street and she planned to cross the street in the middle of a block as she frequently did. At the point where she planned to cross the street Mrs. Mackey stopped with her children to look for oncoming traffic. Observing a northbound vehicle approximately one block away, Mrs. Mackey waited for *756 the approaching vehicle to pass, standing with her children approximately five feet back from the curb.
While Mrs. Mackey was waiting for the approaching northbound vehicle to pass, she held the two younger children by the hand and cautioned the four-year-old, Cedric Golden, to wait until the car had passed. Notwithstanding this instruction, Cedric suddenly ran into the street at a time when the northbound car was only about ten feet away from the point where he entered the street. Cedric was struck by the right front headlight and knocked to the pavement several feet in front of the car, which was brought to an immediate stop.
The defendant driver stated in deposition that he had first noticed Mrs. Mackey and the small children standing together about five feet from the curb while he was still some 50 feet south of them. At that time he reduced his speed from 25 to approximately 15 and continued to keep them in his view. When the child suddenly ran into the street in front of the car, the driver immediately jammed on his brakes (which were mechanically sound) and brought the vehicle to a stop within a distance of approximately a one-half car length. The driver made no attempt to swerve to the left because there was oncoming southbound traffic in the other lane.
A jury might well conclude that the appellee driver had exercised that degree of care which the law exacts of him under these circumstances and that the sole proximate cause of the child’s injury was the conduct of the child in darting from his mother’s side and into the path of appel-lees’ approaching vehicle. Yet, this set of circumstances when viewed in their totality leave room for the trier of fact to conclude that the appellee driver failed to exercise the degree of care which the law required of him, resulting in the child’s injury. For example, the appellee driver knew that the children were present and poised to cross the street. He also knew that because of the narrowness of the street and approaching southbound vehicles, should one of the children dart in front of him his only recourse to avoid the child would be to stop the automobile. Appellee was in no danger of impeding or blocking traffic behind him. An inference can properly be drawn from these facts to the effect that in the exercise of reasonable care the appellee should have slowed his vehicle more than he did as he approached the children. This would preclude disposition of this case by summary judgment.
Reversed.
CROSS, C. J., and REED, J., concur.