270 So.2d 438 (1972)
Silvio MARTINEZ, Appellant,
v.
Edward HART and Travelers Insurance Company, Appellees.
No. 72-361.
District Court of Appeal of Florida, Third District.
December 12, 1972.
*439 Jay A. Swidler, Miami, for appellant.
C. Randall Morcroft, Hollywood, Joel R. Teague, Coral Gables, and Donald L. Lacy, Miami, for appellees.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Plaintiff-appellant, Silvio Martinez, seeks review of an adverse summary judgment in an action for damages resulting from an automobile accident. Plaintiff sustained injuries when the car in which he was riding was struck by a vehicle owned by defendant, Edward Hart, and at the time of the accident driven by Elmer Roberts. The main issue before this court is whether defendant, Edward Hart, can be held liable for Robert's negligence through the dangerous instrumentality doctrine.
One year prior to the accident Roberts had defendant's approval to drive his automobile. Two months prior to the accident defendant revoked his permission and prohibited Roberts from driving the car due to Roberts failure to have a valid driver's license and the refusal of the state to reinstate his license. Defendant expressly told Roberts about this decision; however, Roberts violated these instructions and was driving the car when the accident occurred.
Florida courts have repeatedly affirmed the doctrine that a motor vehicle is a dangerous instrumentality when in operation on public roads. Gordon v. Lee, Fla. App. 1969, 220 So.2d 42. As a corollary to this doctrine, the owner of an automobile who has knowledge of and gives his express or implied consent to the operation of the vehicle by another is liable for any injury to a third person caused by the negligence *440 of the person to whom he has entrusted the automobile. Skroh v. Newby, Fla.App. 1970, 237 So.2d 548; Nichols v. McGraw, Fla.App. 1963, 152 So.2d 486; Hertz Corporation v. Hellens, Fla.App. 1962, 140 So.2d 73. If, on the other hand, a defendant owner of an automobile does not give his consent to the operation of his vehicle by another he cannot and will not be held liable for injuries resulting to a third party due to the unauthorized driver's negligence. Hankerson v. Wilcox, Fla.App. 1965, 173 So.2d 747; Fideli v. Colson, Fla.App. 1964, 165 So.2d 794.
Plaintiff-appellant relies on the dangerous instrumentality doctrine and Leonard v. Susco Car Rental System of Florida, Fla.App. 1958, 103 So.2d 243[1] to hold defendant liable for Robert's negligent use of the automobile. In Susco an action was brought against an automobile rental company and the driver of one of its rented cars for injuries which resulted when the rental car collided with another vehicle. A summary judgment was entered for the defendant rental agency and driver but it was reversed on appeal when the court held that a clause in the rental contract, which prohibited anyone from driving the rented car except the bailee renter himself, would not relieve the rental agency from responsibility for the negligent operation of the car by a person other than the bailee.
The Susco case can be distinguished from the case sub judice in two ways: first, Susco deals with rental cars and an implied consent in the rental contract for the car to be used to further the pleasure, convenience or business purposes of the renter; second, the instant defendant explicitly directed the negligent driver not to drive his automobile at any time. Defendant is relieved of any liability due to the express prohibition given to Roberts, the driver, on the authority of the Hankerson and Fideli cases, and additionally because the driver knew that he was operating the motor vehicle without the consent of the owner.
Accordingly, the trial court's judgment is affirmed.
Affirmed.
NOTES
[1] Affirmed by the Florida Supreme Court at 112 So.2d 832.