274 So.2d 601 (1973)
Marvin MATHIS et al., Appellants,
v.
Adolphus L. LAMBERT et al., Appellees.
No. 72-864.
District Court of Appeal of Florida, Third District.
March 20, 1973.
*602 Horton, Schwartz & Perse, Miami, for appellants.
Vernis & Bowling, and John F. Suhre, Coconut Grove, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant plaintiffs seek review of an adverse final judgment rendered in favor of defendant appellees based on a directed verdict in a personal injury action. The sole issue for our determination is whether the trial judge was correct, as a matter of law, in directing a verdict for the appellee defendants based on the record before him. We are of the opinion that the trial judge did err in directing a verdict for the appellee defendants and accordingly reverse.
Appellant, Marie Johnson, individually and as the mother and next friend of her minor child, appellant Marvin Mathis, was plaintiff below in an action for damages and injuries suffered by her and her child when the child, while crossing a street was struck and injured by a motor vehicle owned and operated by the appellee Adolphus Lambert and insured by appellee insurance carrier. Marvin Mathis is a twelve year old mentally retarded child with a mental age of five years. He was on his way home from school, in a neighborhood filled with returning school children, when he crossed a four lane street in the middle of the block. Marvin was struck by appellee Lambert's car as he had almost finished crossing the street. At the time of the accident appellee was proceeding at 25 miles per hour in a forty mile an hour zone. Appellee Lambert had traveled the road before and knew that children were in the area returning from school. The road had moderate traffic but appellee admitted he was not looking for children, but was concentrating straight ahead. Lambert testified that he did not see Marvin until the impact. The day of the accident was clear and dry and appellee Lambert was wearing his glasses while driving. At the close of the plaintiff's case the trial judge directed a verdict for the defendant but allowed the trial to continue and go to the jury. The jury returned a verdict in favor of the appellants in the amounts of $5,000.00 for injuries to the child and $1,000.00 for the mother. Upon post trial motions of the appellees the court entered a final judgment for the appellees based on the motion for directed verdict previously granted but withheld.
Of course, it is well recognized that motions for directed verdicts should be cautiously granted, and only when the court, after viewing the evidence and testimony in a light most favorable to the non-moving party, concludes that the jury could not reasonably differ as to the existence of a material fact or material inference, and that the movant is entitled to judgment as a matter of law. Beefy Trail, Inc. v. Beefy King International, Inc., Fla.App. 1972, 267 So.2d 853; National Bank of Melbourne & Trust Co. v. Batchelor, Fla.App. 1972, 266 So.2d 185; McCabe v. Watson, Fla. App. 1969, 225 So.2d 346. We have carefully reviewed the record, briefs and arguments of counsel in the case sub judice, and have considered the facts in the light most favorable to the non-moving party, the appellant, and have concluded that the case was properly submitted to the jury and that their verdict should not have been disturbed.
The facts of the instant cause are very similar to the facts before this court in the case of Theriault v. Rogers, Fla.App. 1964, 166 So.2d 820, cert. denied, Fla. 1965, 172 So.2d 596. In that case, the defendant driver moved for a directed verdict where the evidence showed that the minor child, age 9, diagonally crossed a two lane highway and was struck by the defendant in the middle of the road while travelling at a *603 speed of some 45 miles per hour. The defendant testified that he did not see the child until it was "too late". Upon the facts thus stated, this court affirmed the trial court's denial of a motion for directed verdict for the defendant and stated: (166 So.2d at 821)
"... [T]he plaintiff's version, [of the facts] must be considered true for the purposes of deciding the defendant's motion for a directed verdict. Applying this test to the present case, we, in complete accord with the trial court, came to the inescapable conclusion that the issue was properly submitted to the jury.
"`Many years ago this court aligned itself with the view that an automobile is a dangerous instrumentality and while the driver thereof is certainly not an insurer of the safety of those who project themselves into his pathway, he is charged with the responsibility of having his vehicle under control at all times, commensurate with the circumstances and locale. Another of his responsibilities is to maintain a sharp and attentive lookout in order to keep himself prepared to meet the exigencies of an emergency within reason and consistent with reasonable care and caution.' Nelson v. Ziegler, supra, Fla., 89 So.2d 780 at 783.
"It is the failure of defendant to act as required by the Supreme Court, above quoted, which constituted the negligence resulting in plaintiff's injury. The facts indicate, and the jury evidently so found, that the defendant was negligent in failing to see the boy sooner than he did, and thereby avoid the injury."
While procedurally the instant case is before us in somewhat of a different posture than the Theriault case, supra, the facts and issues are sufficiently similar to sustain our belief that the trial judge erred, in the case sub judice, in directing a verdict for the appellee defendants. Thus, we are of the opinion that the facts and issues of the instant case were proper for a jury determination and that such a determination was erroneously set aside. See: Mackey v. Arnold, Fla.App. 1970, 242 So.2d 754; Parkhurst v. Noble, Fla.App. 1970, 238 So.2d 691; Winner v. Sharp, Fla. 1949, 43 So.2d 634; Connell v. Petri, 159 Fla. 67, 30 So.2d 922.
Therefore, for the reasons stated and upon the authorities cited and discussed, the final judgment appealed from is reversed with directions for the trial court to reinstate the original final judgment entered herein based on the verdict of the jury.
Reversed with directions.