342 So.2d 833 (1977)
Frank KERDYK, Realtor, Appellant,
v.
HAMMOCK OAKS ESTATES, INC., and J & L International Corporation, Appellees.
No. 75-1963.
District Court of Appeal of Florida, Third District.
February 15, 1977.
*834 Herbert A. Warren, Miami, for appellant.
Martin Levinson, Miami, for appellees.
Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
PER CURIAM.
This is an appeal from an order of the lower court which (1) set aside a final judgment entered in accordance with a jury verdict awarding appellant-plaintiff a brokerage commission; (2) granted appellees-defendants' motion for a directed verdict and (3) entered a final judgment therefrom.
Appellant, a registered real estate broker, supplied appellees, the owners of an undeveloped parcel of real estate, with a purchaser for said real estate, pursuant to an informal discussion between the parties. Appellant understood the purchase price to be $50,000.00 gross, i.e., commission to be deducted from said amount by appellees. Upon being presented with a sales contract executed by the purchaser in the above amount, appellees stated to appellant that the price was acceptable, however, no brokerage commission would be paid from the $50,000.00 selling price.
Upon refusal of appellees to enter into said sales contract, appellant returned the deposit check to the purchaser. Three days later, appellees conveyed the property to the sister-in-law of the president of appellee-Hammock Oaks Estates, Inc., who, that same day conveyed the property to the aforementioned purchaser for the sum of $50,000.00.
Appellant thereupon filed suit in the lower court, seeking his brokerage fee from appellees. There was conflicting testimony presented to the jury concerning the selling price of the property. Appellees testified that the $50,000.00 selling price represented a net figure. Appellant stated that no net figure had been mentioned and that, pursuant to custom, he believed that appellee had impliedly agreed to pay him a commission for his efforts in procuring the purchaser.
At the close of all the evidence, appellees moved for a directed verdict. The court reserved ruling on said motion and submitted the case to the jury. The jury returned a verdict of $5,000.00 in favor of appellant, said amount reflecting the customary brokerage fee of 10% used for undeveloped land transactions. Appellees thereupon timely renewed their motion for directed verdict and/or in the alternative for new trial. The motion was granted and the court entered its order setting aside the final judgment for appellant and entered judgment for appellees. This appeal follows.
Appellant contends that the trial judge erred in setting aside the jury's verdict and directing a verdict for appellees in that there was competent substantial evidence to support the jury's decision. We agree.
A post trial motion for directed verdict should be granted only where it is clear that a jury could not have reasonably differed as to the existence of a material fact and that the movant is entitled to a judgment as a matter of law. Mathis v. Lambert, 274 So.2d 601 (Fla. 3d DCA 1973).
Appellant presented ample testimony to support his contention that an informal agreement had been reached between the parties concerning the sale of the real estate. The question of whether the selling price of the property was to be $50,000.00 net or gross was a question of fact, properly placed before the jury, and answered in appellant's favor.
*835 No formal agreement need exist as a prerequisite for a broker to recover a commission for services rendered in the sale of real estate. Foley-Carter Ins. Co., Inc. v. Commonwealth Life Ins. Co., 128 F.2d 718 (5th Cir.1942). In addition, in the absence of any special agreement, when a seller places property with a broker for sale, he impliedly agrees to pay a customary commission to the broker. Blackburn v. Alachua County Broadcasting Company, 126 So.2d 303 (Fla. 1st DCA 1961).
Even if no direct employment existed, whether formal or informal, there was ample evidence from which the jury could conclude that appellant was the procuring cause of the sale of said real estate and legally entitled to compensation. National Airlines, Inc. v. Oscar E. Dooly Associates, Inc., 160 So.2d 53 (Fla. 3d DCA 1964).
Taking the facts in the light most favorable to appellant as the non-moving party, Mathis, supra, we believe that there was competent substantial evidence to support the jury's verdict awarding appellant his brokerage commission.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is reversed.
Reversed and remanded with directions to reinstate the final judgment rendered pursuant to the jury's verdict awarding appellant his brokerage fee.